UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT

---------------------------------------------------------------------------------------------------------

| | |
|---|---|
| WEI SU AND HAI JUAN WANG, ) | |
| Plaintiffs, ) | |
| ) | |
| ) | Civil Action No. |
| V. ) | |
| ) | |
| ) | |
| ) | Presented by Attorney |
| SOTHEBY'S, INC. ) | for Plaintiffs: |
| Defendant. ) | Wei Su and HAI JUAN WANG |

SUMMONS IN A CIVIL ACTION

TO: SOTHEBY'S
1334 York Avenue
New York, NY 10021

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it)—or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3)— you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are :

Law Offices of Xuejie Wong PLLC
139 Centre Street, Suite 208
New York, NY 10013

If you fail to respond, judgment by default will be entered against you for the reliefs demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

LAW OFFICE OF XUEJIE WONG PLLC

By:_____

Xuejie Wong
Attorney for Plaintiff
139 Centre Street, Ste 603
New York, NY 10013
(212) 941-5483

To: Sotheby's
1334 York Avenue
New York, NY 10021

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------------------------------------

WEI SU AND HAI JUAN WANG,     )
              Plaintiffs, )

                              )   Civil Action No.
        V.               )   **COMPLAINT**

SOTHEBY'S, INC.          )
              Defendant. )

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth' a minor's initial; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2

## COMPLAINT FOR UNLAWFUL DETENTION, WRONGFUL HOLDING, BREACH OF CONTRACT, REPLEVIN and DAMAGES.

Plaintiffs WEI SU and HAI JUAN WANG, (hereafter referred to as Plaintiffs jointly and by their names singularly) hereby sues Defendant, SOTHEBY'S (hereinafter referred to as "Defendant") for breach of contract, unlawful detaining, wrongful holding, replevin and damages.

## PARTIES

1. The Plaintiff, Wei Su (hereinafter "Mr. Su") is a natural person who at all relevant times resided in the foreign state of China, and whose address is Room 602, No. 65, Lane 460, Hongzhong Road, Minhang District Shanghai.

2. The Plaintiff, Hai Juan Wang, is a natural person who at all relevant times resided in the foreign state of China, and whose address is Room 202, No. 12, Lane 338, Hu Ting Bei Lu,  Shanghai, China.

## JURISDICTION

3. This Court has jurisdiction over state law claims pursuant to 28 U.S.C. § 1367 and pursuant to 28 U.S.C. § 1332, Diversity of Citizenship; amount in controversy exceeds $75,000.

4. The plaintiff Wei, Su resides at Room 602, No. 65, Lane 460, Hongzhong Road, Minhang District Shanghai, and is a citizen or subject of the foreign state of China.

5. The Plaintiff Hai Juan Wang resides at Room 202, No. 12, Lane 338, Hu Ting Bei Lu, Shanghai, China, and is a citizen or subject of the foreign state of China.

6. At all times hereinafter mentioned, Defendant, Sotheby's Inc. is a British multinational corporation, headquartered in New York, New York.

## VENUE

7. Venue is proper pursuant to 28 U.S.C. § 1391b(2) and 28 U.S.C. § 1391c(2), the Defendant is a corporate entity that transacts and solicits and does business; and the conduct complained of occurred in the Southern District of New York, and the Defendant has the capacity to sue and be sued in the Southern District of New York.

## OPERATIVE FACTS

8. Su Wei is the declared owner of the Zhou Zha Hu, an important ritual bronze wine vessel, from the middle Western Zhou Dynasty, 10th - 9th Century B.C. (hereinafter "vessel").

9. The vessel is a unique chattel and there is no other known like it.

10. On June 4, 2014, Su Wei executed a power of attorney to Hai Juan Wang "to handle issues on entrusting the Zhou Zha Hu in Xizhou Dynasty, legally owned by Mr. Su Wei to Sotheby's, New York for auction."

11. On August 11, 2014, Plaintiff Ms. Wang executed a Property Schedule-Consignment Agreement with Sotheby's to offer the vessel at auction. Sotheby did accept the vessel.

12. Said Consignment Agreement contract contained a clause wherein Plaintiff did warrant and indemnify and hold any purchaser harmless from any claims against the vessel, that it was legally owned and that Plaintiff did have the right to place the vessel on consignment.

13. On September 16, 2014, Sotheby's, via C.P. Lin and Co. notified Plaintiffs that they would not be able to go forward with the sale because they would be unable to provide good title.

14. In September 2014, Plaintiff, Wei Su, sent letters and/or emails stating that he was the true owner and would indemnify and hold Sotheby's harmless from any claims on the title and requested Sotheby's to continue to auction the vessel as according to their contract or return the vessel.

15. Sotheby's requested Plaintiff to provide proof of title or ownership of the vessel.

16. On or about July 2015, Plaintiff provided Defendant a civil judgment dated June 26, 2015 from Henan Luoyang Intermediate People's Court declaring 'The ownership of the bronze ware "Zhou Zha Hu" referred to in the Transfer contract executed by Su Wei and Zhang Shenbao on July 5, 2007 is vested in Su Wei."

17. Sotheby's continued to detain the vessel since September 2014 and have not either sold the vessel at the agreed upon auction and neither has it returned the vessel to its rightful owner, the Plaintiffs.

18. Plaintiffs repeatedly demanded return of the vessel on or about September and October, 2014, via a Lawyer's Letters from Shanghai, Hengye Law Firm, yet Defendant has not returned it.

19. Plaintiffs attempted to facilitate a meeting with a Sotheby's representative, to resolve the issue concerning the failure to sell the vessel, but Sotheby's refused to attend the meeting, as delineated in a letter dated December 30, 2014.

20. By letter dated January 12, 2015, the attorneys for Plaintiffs again informed Sotheby's that Sotheby's exceeded its authority in holding the vessel and not returning it to Plaintiffs.

21. Plaintiffs have been injured by not being able to auction the item as they desired, and the loss of the profits of the proceeds in real dollars, expenses incurred to obtain the returning of the vessel.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

22. Plaintiffs repeat and reallege the foregoing paragraphs as fully restated herein.

23. Plaintiffs entered into a binding agreement with Defendant Sotheby's.

24. The agreement was supported by valuable consideration.

25. Defendant Sotheby's breached this agreement by not selling the vessel at auction as promised.

26. As a result of the breach, the Plaintiffs have pecuniary losses and the loss of the opportunity to make profit from the contract.

## SECOND CAUSE OF ACTION
## REPLEVIN

27. Plaintiffs repeat and reallege the foregoing paragraphs as fully restated herein.

28. Plaintiff Wei Su is the owner of the vessel with all titles and rights vested in him.

29. Plaintiff Hai Juan Wang has the power of attorney to enter into contract with Sotheby's to auction this item.

30. Plaintiff Wang did deposit the vessel with Sotheby's.

31. The vessel is a unique chattel based on its age and uniqueness.

32. Sotheby's has refused to auction said vessel.

33. Sotheby's was demanded to return the vessel to the Plaintiffs.

34. Sotheby's is unlawfully detaining the vessel.

35. Sotheby's wrongfully holds possession of the vessel.

## THIRD CAUSE OF ACTION
## UNLAWFUL DETENTION

36. Plaintiffs repeat and reallege the foregoing paragraphs as fully restated herein.

37. Plaintiff Wei Su is the owner of the vessel with all titles and rights vested in him.

38. Plaintiff Hai Juan Wang has the power of attorney to enter into contract with Sotheby's to auction this item.

39. Plaintiff Wang did deposit the vessel with Sotheby's.

40. The vessel is a unique chattel based on its age and uniqueness.

41. Sotheby's has refused to auction the vessel.

42. Sotheby's was demanded to return the vessel to the Plaintiffs.

43. Sotheby's is unlawfully detaining the vessel.

44. Sotheby's wrongfully holds possession of the vessel.

## FOURTH CAUSE OF ACTION
## BREACH OF CONTRACT

45. Plaintiffs repeat and reallege the foregoing paragraphs as fully restated herein.

46. Plaintiffs entered into a binding agreement with Defendant Sotheby's.

47. The agreement was supported by valuable consideration.

48. Defendant Sotheby's breached this agreement by disclosing the identity of the Plaintiffs to claimant, Mr. Ye, in contravention of paragraph 7 of said contract, such covenant that "Sotheby's shall keep confidential and shall not disclose any of the information of the consignor to any other party, except for the internal use by Sotheby's…"

49. As a result of the breach, the Plaintiffs have been damaged in that their identities are now known by a party who wrongfully claims an interest in the plaintiff's property, which subjects Plaintiffs to unnecessary scrutiny and litigation.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs demand judgment from Honorable Court as follows:

(a) On the first cause of action Breach of Contract, judgment against Defendant Sotheby's for the following relief: (1) money damages for lost profits in the amount of 3,000,000 in the actual, compensatory and expectation damages;

(b) On the second cause of action, Replevin, judgment against Defendant Sotheby's following relief: (1) return of the unique chattel; and (2) depreciation damages, to be determined if any, during the time the Defendant unlawfully detained the unique chattel;

(c) On the third cause of action, Unlawful Detention against the Defendants for the following relief: Return of the unique chattel, the vessel deposited with Sotheby's pursuant to the Consignment contract; and depreciation damages, to be determined, if any, during the time the Defendant unlawfully detained the unique chattel;

(d) On the fourth cause of action, Breach of Contract, against the Defendant for the following relief: (1) money damages for distress, extra scrutiny and litigation cost in the amount of 1,000,000 USD in the actual, compensatory and expectation damages; ; and

(e) such other relief, together with the above relief, that this Court issue a judgment against Defendant for costs, fees, attorney's fees, and interest and such other legal or equitable relief as this court deems appropriate.

Respectfully submitted this day of June 5th, 2017.

FOR THE PLAINTIFFS
Law Offices of Xuejie Wong PLLC

By:_____

Xuejie Wong, Esq.

Attorney for Plaintiffs
139 Centre Street, Suite 208
New York, NY 10013
(212) 941-5483