WITHERS BERGMAN LLP
Dean R. Nicyper
430 Park Avenue
New York, New York 10022-3505
Tel: (212) 848-9800
Fax: (212) 848-9888
*Attorney for Defendant/Interpleader
Counter-Claimant and Third-Party
Plaintiff Sotheby's, Inc.*

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WEI SU and HAI JUAN WANG,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>SOTHEBY'S INC.,<br><br>　　　　Defendant. | Index No.: 1:17-cv-04577 |
| SOTHEBY'S, INC.,<br><br>　　　　Counter-Claimant and Third-Party Plaintiff,<br><br>　　v.<br><br>WEI SU and HAI JUAN WANG,<br><br>　　　　Counterclaim Defendants, and<br><br>YEH YAO HWANG,<br><br>　　　　Third-Party Defendant. | **ANSWER, COUNTERCLAIM,<br>AND THIRD-PARTY CLAIM** |

Defendant Sotheby's, Inc. ("Sotheby's"), by its attorneys, Withers Bergman LLP, against the Plaintiffs Wei Su and Hai Juan Wang, answers as follows:

1.　　Denies knowledge or information sufficient to admit or deny the allegations in paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 2 of the Complaint.

3. No factual allegations are asserted in paragraph 3 and therefore no answer is appropriate, and refers all questions of law to the court.

4. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 4 of the Complaint.

5. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 5 of the Complaint.

6. Denies the allegations in paragraph 6, except admits that Sotheby's, Inc. is headquartered in New York, New York.

7. No factual allegations are asserted in paragraph 7 and therefore no answer is appropriate, and refers all questions of law to the court.

8. Denies knowledge or information sufficient to admit or deny the allegation in paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 11 of the Complaint, except admits that Sotheby's, Inc. did accept the vessel, and states that, on or about July 22, 2014, Sotheby's, Inc. entered into a consignment agreement with Consignor Hai Juan Wang for the consignment of the vessel.

12. Denies the allegations in paragraph 12 of the Complaint except admits that in the Consignment Agreement, Hai Juan Wang warranted and represented, among other things, that

she had the right to consign the bronze vessel (the "Property"), that good title and right to possession would pass to any purchaser, and that she would indemnify and hold Sotheby's and each purchaser harmless from any and all claims relating to the breach or alleged breach of any of her agreements, representations or warranties.

13. Denies the allegations in paragraph 13 of the Complaint except admits that Sotheby's received a competing ownership claim and, upon Sotheby's receipt of that claim, Sotheby's notified Hai Juan Wang that the competing ownership claim had been asserted. In subsequent communications prior to the date the Property was to be offered for sale at Sotheby's, counsel for Hai Juan Wang and counsel for the claimant both told Sotheby's that their clients were not willing to permit the Property to be offered for sale with the sale proceeds held by Sotheby's until the consignor and claimant resolved their dispute. As a result, the Property was withdrawn from the auction.

14. Denies the allegations in paragraph 14 of the Complaint except admits that there were several communications between Sotheby's and the consignor and between Sotheby's and the claimant, and Sotheby's refers to those communications for their true and correct contents. Sotheby's further avers that in communications prior to the date the Property was to be offered for sale at Sotheby's, counsel for Hai Juan Wang and counsel for the claimant both told Sotheby's that their clients were not willing to permit the Property to be offered for sale with the sale proceeds held by Sotheby's until the consignor and claimant resolved their dispute. As a result, the Property was withdrawn from the auction.

15. Admits the allegations in paragraph 15 of the Complaint.

16. Denies the allegations in paragraph 16 of the Complaint except admits that there were several communications between Sotheby's and the consignor and between Sotheby's and the claimant, and Sotheby's refers to those communications for their true and correct contents.

17. Denies the allegations in paragraph 17 of the Complaint except admits that Sotheby's currently is in possession of the Property, is subject to competing claims by the consignor and claimant, and is not able to deliver the Property to either the consignor or claimant until they resolve their competing ownership claims.

18. Denies the allegations in paragraph 18 of the Complaint except admits that both the consignor and the claimant have made competing claims to the Property, that the consignor has demanded that the Property be delivered to her, and that the claimant has demanded that the Property be delivered to him.

19. Denies the allegations in paragraph 19 of the Complaint and avers that Sotheby's counsel communicated extensively with both the consignor and the claimant in an effort to assist them in resolving their dispute, that Sotheby's counsel encouraged the consignor to meet with the claimant, and that Sotheby's and its counsel did meet with the consignor and counsel for Wei Su in Hong Kong in or about November 2014 and later met in New York as well.

20. Denies the allegations in paragraph 20 of the Complaint except admits that attorneys for Plaintiffs and attorneys for claimant both made competing demands for the Property and Sotheby's refers to all such communications for their true and correct contents.

21. Denies the allegations in paragraph 21 of the Complaint.

22. With respect to every allegation in paragraph 22 of the Complaint, repeats and reasserts each and every response set forth above in paragraphs 1 through 21 and incorporate all such responses here as though fully set forth herein.

23. No factual allegations are asserted in paragraph 23 and therefore no answer is appropriate, and refers all questions of law to the Court.

24. No factual allegations are asserted in paragraph 24 and therefore no answer is appropriate, and refers all questions of law to the Court.

4

25. Denies the allegations in paragraph 25 of the Complaint.

26. Denies the allegations in paragraph 26 of the Complaint.

27. With respect to every allegation in paragraph 27 of the Complaint, repeats and reasserts each and every response set forth above in paragraphs 1 through 26 and incorporate all such responses here as though fully set forth herein.

28. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 28 of the Complaint.

29. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 29 of the Complaint.

30. Admits the allegations in paragraph 30 of the Complaint.

31. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 31 of the Complaint.

32. Denies the allegations in paragraph 32 of the Complaint except admits that Sotheby's cannot sell the Property at auction until Plaintiffs and claimant, or this Court, resolve who is the proper owner.

33. Denies the allegations in paragraph 33 of the Complaint except admits that both Plaintiffs and Claimant demanded possession of the Property.

34. Denies the allegations in paragraph 34 of the Complaint.

35. Denies the allegations in paragraph 35 of the Complaint.

36. With respect to every allegation in paragraph 36 of the Complaint, repeats and reasserts each and every response set forth above in paragraphs 1 through 35 and incorporate all such responses here as though fully set forth herein.

37. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 37 of the Complaint.

38. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 38 of the Complaint.

39. Admits the allegations in paragraph 39 of the Complaint.

40. Denies knowledge or information sufficient to admit or deny the allegations in paragraph 40 of the Complaint.

41. Denies the allegations in paragraph 41 of the Complaint except admits that Sotheby's cannot offer the Property for sale at auction until Plaintiffs and claimant, or this Court, resolve who is the proper owner.

42. Denies the allegations in paragraph 42 of the Complaint except admits that both Plaintiffs and claimants demanded possession of the Property.

43. Denies the allegations in paragraph 43 of the Complaint.

44. Denies the allegations in paragraph 44 of the Complaint.

45. With respect to every allegation in paragraph 45 of the Complaint, repeats and reasserts each and every response set forth above in paragraphs 1 through 44 and incorporate all such responses here as though fully set forth herein.

46. No factual allegations are asserted in paragraph 46 and therefore no answer is appropriate, and refers all questions of law to the Court.

47. No factual allegations are asserted in paragraph 47 and therefore no answer is appropriate, and refers all questions of law to the Court.

48. Denies the allegations in paragraph 48 of the Complaint.

49. Denies the allegations in paragraph 49 of the Complaint.

### **FIRST DEFENSE**

50. Plaintiffs' claims should be dismissed because they fail to state a cause of action.

### **SECOND DEFENSE**

51. Plaintiffs' claims should be dismissed as a result of Plaintiffs' unclean hands.

### THIRD DEFENSE

52. The Complaint constitutes unfounded and/or malicious prosecution of Sotheby's, Inc.

### FOURTH DEFENSE

53. Plaintiffs' alleged damages are wholly speculative.

### FIFTH DEFENSE

54. Plaintiffs' alleged damages have no basis in fact.

### SIXTH DEFENSE

55. Sotheby's is a disinterested stakeholder holding the Property which Plaintiff Su and Third-Party Defendant both claim to own. Sotheby's is therefore subject to potential liability from both Plaintiffs and Third-Party Defendant and cannot turn over the Property to either claimant absent an order from the Court or agreement of the parties.

### SEVENTH DEFENSE

56. Sotheby's should be discharged from the action as a disinterested stakeholder and should be awarded its attorneys' fees as disinterested stakeholder/interpleader Plaintiff.

### EIGHTH DEFENSE

57. Plaintiffs have failed to include necessary and indispensable party Yeh Yao Hwang in the action.

### NINTH DEFENSE

58. Plaintiffs' claims are barred by the doctrines of waiver and estoppel.

### TENTH DEFENSE

59. Plaintiff agreed to indemnify and hold Sotheby's harmless from any claims arising out of Plaintiffs' breach of their representations and warranties that they had the right to

7

consign the Property for sale and that title and right to possession would pass to a purchaser free of all liens, claims, and encumbrances, but such representations and warranties were false.

## **INTERPLEADER COUNTERCLAIM AND THIRD PARTY CLAIM**

Interpleader Counterclaim Claimant and Third-Party Claim Plaintiff Sotheby's, Inc. (Sotheby's), by its attorneys, Withers Bergman LLP, as its interpleader counterclaim against Wei Su ("Principal") and Hai Juan Wang (the "Agent") and interpleader third-party claim against Yeh Yao Hwang (the "Claimant"), states as follows:

### Nature of the Action

1.      This is an interpleader counterclaim and third-party claim for the determination of whether the Principal/Agent or the Claimant has superior right, title and interest in The Zhou Zha Hu, an important ritual bronze wine vessel, Middle Western Zhou Dynasty, 10th-9th Century BC (the "Property"). Plaintiff Sotheby's makes no claim to the Property, but is or may be exposed to multiple liability as a result of the adverse claims of the Principal/Agent and Claimant.

### Parties

2.      Sotheby's is a duly organized New York corporation with its principal place of business at 1334 York Avenue, New York, New York.

3.      Upon information and belief, interpleader defendants Wei Su and Hai Juan Wang are residents of Shanghai, in the People's Republic of China, who claim ownership of the Property.

4.      Upon information and belief, interpleader defendant Wei Su resides at Room 602, No. 65, Hongzhong Road, Minhang District Shanghai. Upon information and belief, Wei Su is the principal for whom Hai Juan Wang consigned the Property to Sotheby's as Wei Su's agent.

5.      Upon information and belief, interpleader defendant Hai Juan Wang resides at Room 202, No. 12, Lane 338, Hu Ting Bei Lu, Shanghai, China. Upon information and belief,

Hai Juan Wang acted as agent for Wei Su in consigning the Property to Sotheby's. Wei Su and Hai Juan Wang are jointly referred to herein as "Principal/Agent."

6.  Upon information and belief, Yeh Yao Hwang (the "Claimant") is a resident of Taiwan, Republic of China, who claims to have an ownership interest in the Property.

## Facts and Cause of Action
### Against Interpleader Defendants

7.  At all times relevant to the allegations herein, Sotheby's was, and continues to be, engaged, *inter alia*, in the sale by auction of fine and decorative art.

8.  On or about July 22, 2014, Sotheby's entered into a consignment agreement with consignor Agent Hai Juan Wang for the consignment of the Property to Sotheby's (the "Consignment Agreement"). Upon information and belief, Hai Juan Wang was acting as agent for then undisclosed principal Wei Su.

9.  In the Consignment Agreement, the Agent for itself and on behalf of the Principal expressly represented and warranted that they had the right to consign the Property for sale and that the Property was at all relevant times free and clear of any and all liens, claims and encumbrances and "that good title and right to possession will pass to the purchaser free of all liens, claims and encumbrances."

10. In the Consignment Agreement, the Agent for itself and on behalf of the Principal expressly agreed "to indemnify and hold [Sotheby's] and each purchaser harmless from and against any and all claims, actions, damages, losses, liabilities and expenses (including reasonable attorneys' fees) relating to the breach or alleged breach of any of [their] agreements, representations or warranties in the Agreement."

11. Consignor Hai Juan Wang transferred possession of the Property to Sotheby's, pursuant to the Consignment Agreement and in contemplation of a sale of the Property at

9

Sotheby's Fine Chinese Ceramics and Works of Art Sale in September 2014, Sale No. N09192 (the "Sale"). Sotheby's thereafter included the Property as Lot 122 in its catalogue for the Sale.

12. On or about September 3, 2014, representatives of interpleader defendant and Claimant Yeh Yao Hwang contacted Sotheby's and asserted that the Claimant had an ownership interest in the Property. Sotheby's notified the consignor/Agent of this claim. Sotheby's subsequently received communications from representatives of the Principal/Agent that disputed the Claimant's ownership claims.

13. The Principal/Agent have demanded that Sotheby's return possession of the Property to the Principal/Agent, and the Claimant has demanded that Sotheby's deliver the Property to the Claimant.

14. In response to the competing claims of the Principal/Agent and the Claimant, Sotheby's withdrew the Property from the Sale. Sotheby's currently retains possession of the Property in New York, New York.

15. Since September 2014, Sotheby's has communicated several times with representatives of the Principal/Agent and Claimant to encourage them to resolve their competing claims. They have, however, not resolved those claims. Upon information and belief, the Principal/Agent has not contacted the Claimant in an effort to resolve their competing ownership claims. To the contrary, the Principal/Agent and Claimant continue to assert competing positions with respect to ownership of the Property and continue to make competing demands to Sotheby's with respect to disposition of the Property.

### First Counterclaim
### And Third-Party Claim

16. Sotheby's repeats and realleges each of the allegations in paragraphs 1 through 15 of this Counterclaim and Third-Party Claim as though fully set forth herein.

17. Sotheby's does not know, and is not in a position to determine, which of the Principal/Agent or Claimant has superior right, title and/or interest in the Property. As a result of the competing demands of the Principal/Agent, Sotheby's is exposed to multiple liability as a result of the Principal/Agent's and Claimant's adverse claims.

18. Sotheby's is a disinterested stakeholder that does not claim any ownership interest in the Property and is ready and willing to remit the Property to whomever the Court directs. Sotheby's seeks to be discharged as a disinterested stakeholder, and Sotheby's is willing to place the Property in the custody of the Court, or retain custody of it on behalf of the Court, to the credit of the action.

19. Sotheby's additionally is entitled to recover its costs, fees (including reasonable attorneys' fees) and expenses for having to bring this interpleader counterclaim and third-party claim.

## Second Counterclaim
### (Breach of Consignment Agreement)

20. Sotheby's repeats and realleges each of the allegations in paragraphs 1 through 19 of this Counterclaim and Third-Party Claim as though fully set forth herein.

21. In the Consignment Agreement, the Agent on behalf of itself and the Principal represented and warranty that they had the right to consign the Property for sale and that "good title and right to possession will pass to the purchaser free of all liens, claims and encumbrances."

22. The competing claim to ownership of the Property brought by Claimant demonstrates that the representations of Principal/Agent were false. The Principal/Agent therefore breached the Consignment Agreement. Sotheby's, in contrast, fulfilled its obligations under the Consignment Agreement.

11

23. Sotheby's was injured by and incurred damages as a result of Principal's and Agent's breaches.

24. In the Consignment Agreement, the Agent on behalf of itself and the Principal expressly agreed "to indemnify and hold [Sotheby's] and each purchaser harmless from and against any and all claims, actions, damages, losses, liabilities and expenses (including reasonable attorneys' fees) relating to the breach or alleged breach of any of [their] agreements, representations or warranties in the Agreement."

25. As a result, Sotheby's is entitled to recover from the Principal and Agent, jointly and severally, the damages Sotheby's incurred in an amount to be determined, including but not limited to its costs and expenses (including the attorneys' fees it has incurred) as a result of the Principal's and Agent's breach.

WHEREFORE, Sotheby's demands judgment as follows:

i. That the Principal, Agent and Claimant be restrained and enjoined from commencing or prosecuting any action or proceeding against Sotheby's in relation to the Property;

ii. That the Principal, Agent and Claimant be required to interplead together concerning their respective claims to the Property;

iii. That Sotheby's be directed to remit the Property to the Court, or with such other person or entity that the Court may direct, to the credit of the action;

iv. That upon delivery of the Property as aforesaid, Sotheby's be discharged from all liability to the Principal, Agent and Claimant and all persons and entities related to the Principal, Agent and Claimant;

      v.        That Sotheby's be awarded its costs, disbursements, and reasonable attorney's fees related to this action;

      vi.      That Sotheby's be awarded damages as a result of the Principal's and Agent's breach of the Consignment Agreement, including but not limited to its costs, disbursements, and reasonable attorneys' fees; and

      vii.     That Sotheby's have such other and further relief as the Court deems just and proper.

Dated: August 11, 2017
      New York, New York

                                WITHERS BERGMAN LLP

                      By: _____
                              Dean R. Nicyper
                              430 Park Avenue
                              New York, New York 10022-3505
                              Tel: (212) 848-9800
                              Fax: (212) 848-9888
                              *Attorney for Defendant/Interpleader*
                              *Counter-Claimant and Third-Party*
                              *Plaintiff Sotheby's, Inc.*