```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X
   WEI SU and HAI JUAN WANG,                     :
                                                 :
                           Plaintiffs,           :
                                                 :
                 -against-                       :
                                                 :
   SOTHEBY'S, INC.,                              :   USDC SDNY
                                                 :   DOCUMENT
                           Defendant.            :   ELECTRONICALLY FILED
------------------------------------------------------------------------- :   DOC #:
   SOTHEBY'S, INC.,                              :   DATE FILED: 10/3/2018
                                                 :
                           Counter-Claimant and Third-  :   17-CV-4577 (VEC)
                           Party Plaintiff,      :
                                                 :   OPINION AND ORDER
                 -against-                       :
                                                 :
   WEI SU and HAI JUAN WANG,                     :
                                                 :
                           Counterclaim Defendants,  :
                                                 :
                 -and-                           :
                                                 :
   YEH YAO HWANG,                                :
                                                 :
                           Third-Party Defendant. :
------------------------------------------------------------------------- X
```

VALERIE CAPRONI, United States District Judge:

Plaintiffs Wei Su ("Wei") and Hai Juan Wang ("Wang") sued Defendant Sotheby's, Inc. ("Sotheby's") for breach of contract, replevin, and unlawful detention. *See* Pls.' Compl., Dkt. 1. Sotheby's filed a counterclaim against Plaintiffs for breach of contract, in addition to a claim for Rule 22 interpleader against Plaintiffs and Third-Party Defendant Yeh Yao Hwang ("Yeh"). *See* Sotheby's Compl., Dkt. 13. Sotheby's moves, with the consent of Plaintiffs, for alternative service of process on Yeh, pursuant to Rule 4(f)(3). *See* Notice of Mot., Dkt. 40. Sotheby's also

moves for discharge from its interpleader claim and for the attorneys' fees and costs incurred in connection with bringing that claim. *See* Notice of Mot., Dkt. 14. For the following reasons, Sotheby's motion for alternative service is GRANTED IN PART. Provided that Sotheby's takes the additional steps to effect service specified in this order no later than **November 16, 2018**, the Court will deem Yeh properly served. Sotheby's motion for discharge and for attorneys' fees and costs is HELD IN ABEYANCE pending Sotheby's additional steps to effect service on Yeh.

## BACKGROUND

### I. Factual Allegations

This case arises out of a dispute over the ownership of an ancient Chinese wine vessel, called the Zhou Zha Hu (the "Vessel"). Wei claims that he owns the Vessel. *See* Pls.' Compl. ¶ 8. On August 11, 2014, Wang, acting as agent for Wei, executed a Consignment Agreement (the "Agreement") with Sotheby's, an international auction house. *See id.* ¶¶ 10–11.[1] In the Agreement, Wang agreed to remit the Vessel to Sotheby's, and Sotheby's agreed to offer the Vessel for sale at auction in exchange for a commission. *See id.* ¶¶ 10–11; Sotheby's Ans., Dkt. 13, ¶ 11; Sigda Decl. Ex. A. Wang represented in the Agreement that she had good title to the Vessel and that she would indemnify and hold harmless Sotheby's and the ultimate purchaser of the Vessel from any damages relating to a breach of the Agreement. *See* Sigda Decl. Ex. A, ¶ 7.

In late August 2014, Wang transferred the Vessel to Sotheby's for sale, *see* Pls.' Compl. ¶ 11; Sotheby's Ans. ¶ 11; Sigda Decl. ¶ 6, and Sotheby's included it in its catalogue for an upcoming auction of Chinese art. *See* Sigda Decl. ¶¶ 3, 6. Prior to the auction, however, Yeh

---

[1] The parties may be in dispute as to whether Wang properly entered into the Consignment Agreement on Wei's behalf. According to Plaintiffs, Wei properly executed a power of attorney to Wang prior to signing the Agreement. *See* Compl. ¶ 10. According to Sotheby's, Wang did not disclose that she was acting as an agent for Wei when she signed the Consignment Agreement. *See* Declaration of Stacey Chervin Sigda in Supp. of Mot. for Discharge ("Sigda Decl."), Dkt. 16, ¶ 7. To the extent that the parties have any dispute about Wang's power to act for Wei in signing the Agreement, the Court need not resolve it at this time.

2

contacted Sotheby's through his attorneys (The Correct Law Office, located in Taiwan) and asserted an ownership interest in the Vessel. *See* Sotheby's Ans. ¶ 13; Sigda Decl. ¶ 7; Reply Declaration of Stacey Chervin Sigda in Supp. of Mot. for Discharge ("Sigda Reply Decl."), Dkt. 27, Ex. 1. Sotheby's subsequently notified Wang that it had received a competing claim to the Vessel and that the Vessel would be withdrawn from the upcoming auction. *See* Pls.' Compl. ¶ 13; Sotheby's Ans. ¶ 13; Sigda Decl. ¶¶ 7, 9.[2] Since that time, Sotheby's has retained possession of the Vessel. *See* Pls.' Compl. ¶ 17; Sotheby's Ans. ¶ 17; Sigda Decl. ¶ 9.

## II. The Parties' Claims

Wei and Wang filed this action against Sotheby's on June 17, 2017. *See* Pls.' Compl. According to the Complaint, Sotheby's breached the Consignment Agreement in two ways: it refused to offer the Vessel at auction, and it disclosed Plaintiffs' identities to Yeh. *See id.* ¶¶ 22–26, 45–49. In addition to their breach of contract claims, Plaintiffs assert claims for replevin and unlawful detention, seeking return of the Vessel and depreciation damages. *See id.* ¶¶ 27–44.

On August 11, 2017, Sotheby's answered and filed a counterclaim against Wei and Wang for breach of contract, alleging that they had breached their representation in the Consignment Agreement that they had good title to the Vessel. *See* Sotheby's Compl. ¶¶ 20–25. Sotheby's also instituted an interpleader action against Wei, Wang, and Yeh. *See id.* ¶¶ 16–19. The interpleader is styled as a counterclaim against Wei and Wang and a third-party complaint against Yeh. *See id.*[3]

---

[2] The parties dispute the exact communications that took place during this time. According to Plaintiffs, Wei provided Sotheby's with documents supporting his claim to the Vessel and demanded that Sotheby's offer the Vessel at auction. *See* Pls.' Compl. ¶ 14. According to Sotheby's, Wei told Sotheby's that he was not willing to permit the Vessel to be offered for sale until its disputed ownership was resolved. *See* Sotheby's Ans. ¶¶ 13–14. The Court need not resolve this dispute at this time.

[3] Sotheby's interpleader does not make clear whether the action arises under Federal Rule of Civil Procedure 22 or 28 U.S.C. § 1335. In a subsequent memorandum of law, however, Sotheby's stated that its action is brought

On August 18, 2017, Sotheby's filed a motion for discharge, attorneys' fees, and costs, arguing that it is entitled to be discharged from the interpleader claim and seeking attorneys' fees and costs incurred in connection with bringing that claim. *See* Sotheby's Discharge Mem. of Law at 2. Wei and Wang oppose the motion. *See* Pls.' Mem. of Law in Opp. to Mot. for Discharge, Dkt. 21.

## III. Sotheby's Attempts to Serve Yeh

While the motion for discharge was pending, in September and October 2017, Sotheby's attempted to serve Yeh with the third-party complaint for interpleader. Sotheby's first contacted The Correct Law Office, the attorneys who had originally notified Sotheby's of Yeh's claim to the Vessel. *See* Sotheby's Mem. of Law in Supp. of Alternative Service ("Sotheby's Alt. Service Mem. of Law"), Dkt. 41, at 4–5. The Correct Law Office stated that it would not accept service for Yeh but provided Sotheby's with two addresses at which Yeh could be reached. *See id.* at 5. Sotheby's sent the third-party complaint via international registered mail to Yeh at those addresses, but the mail was returned from both locations as undeliverable. *See id.* Sotheby's then engaged counsel in Taiwan to personally deliver the third-party complaint to Yeh at those two addresses, but no one at either location would accept service for Yeh. *See id.*

Sotheby's then sought and received letters rogatory from this Court, whereby the Court sought international assistance from Taiwan's judicial authority to effect service on Yeh at the two addresses associated with him. *See* Order (Oct. 4, 2017), Dkt. 33. In early January 2018, Taiwanese authorities notified Sotheby's that service could not be effected because the occupants of those addresses refused to accept the documents. *See* Sotheby's Ltr. (Jan. 25, 2018), Dkt. 37; Sotheby's Alt. Service Mem. of Law at 5–6.

---

pursuant to Rule 22. *See* Sotheby's Mem. of Law in Supp. of Mot. for Discharge ("Sotheby's Discharge Mem. of Law"), Dkt. 15, at 5.

4

## IV. Sotheby's Motion for Alternative Service and Plaintiffs' Attempts to Serve Yeh

On January 31, 2018, this Court denied Sotheby's motion for discharge without prejudice, reasoning that the Court could not rule on the motion before Yeh had been properly served with the third-party complaint. *See* Order (Jan. 31, 2018), Dkt. 39. Accordingly, the Court directed Sotheby's to move for alternative service pursuant to Federal Rule of Civil Procedure 4(f). *See id.* Sotheby's filed the motion for alternative service on February 16, 2018, requesting that the Court deem service upon The Correct Law Office as sufficient service upon Yeh or, alternatively, that the Court order Plaintiffs to attempt to effect service on Yeh. *See* Sotheby's Alt. Service Mem. of Law at 1–2. Plaintiffs opposed the motion. *See* Pls.' Mem. of Law in Opp. to Mot. for Alt. Service, Dkt. 43.

In April 2018, the Court reserved decision on the motion for alternative service and ordered Plaintiffs to attempt to effect service on Yeh. *See* Order (Apr. 2, 2018), Dkt. 45. Plaintiffs, through an agent, visited The Correct Law Office in Taiwan and attempted to serve it with the summons and third-party complaint, but the Law Office refused to accept service. *See* Affidavit of Szeto Nang ("Nang Aff."), Dkt. 46, Ex. B, ¶ 2. Plaintiffs also visited an additional address associated with Yeh (separate from the two addresses for Yeh provided in the letters rogatory), but Plaintiffs were unable to enter the premises or to locate a person on whom to effect service there. *See id.* ¶ 2. Finally, Plaintiffs attempted to obtain Yeh's contact information through Taiwanese authorities, but the authorities refused to disclose the information on the ground that it was protected by the country's privacy laws. *See id.* ¶ 3.

After attempting to effect service on Yeh, Plaintiffs withdrew their opposition to Sotheby's motion for alternative service. *See* Declaration of Xuejie Wong in Supp. of Alt. Service, Dkt. 46. To date, Yeh has not appeared in this action.

## DISCUSSION

**I.    Sotheby's Motion for Alternative Service Is Granted in Part**

   **A.    The Applicable Law**

Under Federal Rule of Civil Procedure 4(f)(3), service may be effected upon individuals in foreign countries by any means "not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). "The decision of whether to order service of process under Rule 4(f)(3) is committed to the sound discretion of the district court." *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 278 (S.D.N.Y. 2013) (collecting cases). Before ordering alternative service under this rule, "district courts in this Circuit have generally required: (1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary." *United States v. Lebanese Canadian Bank SAL*, 285 F.R.D. 262, 267 (S.D.N.Y. 2012) (collecting cases); *see also Stream SICAV*, 989 F. Supp. 2d at 278. Additionally, before ordering alternative service, courts must ensure that the means of service "comports with constitutional notions of due process." *Stream SICAV*, 989 F. Supp. 2d at 278 (quoting *Secs. Exch. Comm'n v. Anticevic*, No. 05-CV-6991, 2009 WL 361739, at *3 (S.D.N.Y. Feb. 13, 2009)).

   **B.    Application to This Case**

Sotheby's asks this Court to deem service on The Correct Law Office a proper means of serving Yeh. *See* Sotheby's Alt. Service Mem. of Law at 1–2, 4. This form of service is not prohibited by international agreement, as Taiwan is not a party to the Hague Convention or to any other treaty or agreement with the United States regarding service of process. *See Tatung Co., Ltd. v. Shu Tze Hsu*, No. 13-CV-1743, 2016 WL 7634672, at *2 (C.D. Cal. Aug. 18, 2016); U.S. Dep't of State, *Judicial Assistance Country Information: Taiwan* (Nov. 15, 2013),

https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Taiwan.html.

Additionally, Sotheby's and Plaintiffs have made extensive efforts to serve Yeh through other means. Sotheby's sent the third-party complaint through international registered mail to two addresses associated with Yeh. Both Sotheby's and Plaintiffs engaged local agents in Taiwan, who attempted to effect personal service on Yeh several times at three different addresses. After Sotheby's obtained letters rogatory, Taiwanese authorities also attempted to effect personal service on Yeh. Finally, Plaintiffs attempted to obtain contact information for Yeh through Taiwanese authorities. These efforts have undoubtedly been costly for the parties and have prevented this case from moving forward for several months. These efforts are more than reasonable. *See, e.g.*, *Elsevier, Inc. v. Siew Yee Chew*, 287 F. Supp. 3d 374, 379 (S.D.N.Y. 2018); *Lebanese Canadian Bank SAL*, 285 F.R.D. at 267; *Swarna v. Al-Awadi*, No. 06-CV-4880, 2007 WL 2815605, at *1 (S.D.N.Y. Sept. 20, 2007).

The Court's intervention is necessary here, as Yeh appears to be evading service. His attorneys ceased contact with Sotheby's once this action was filed, and individuals at the addresses associated with him have repeatedly refused to accept service. Additionally, as the Court has previously suggested, Yeh may be an indispensable party to Sotheby's interpleader claim, requiring that he be served before this case can proceed. *See* Order (Apr. 2, 2018), Dkt. 45 (citing *Republic of Philippines v. Pimentel*, 553 U.S. 851). Under these circumstances, the Court's intervention is appropriate and necessary. *See Lebanese Canadian Bank SAL*, 285 F.R.D. at 267; *Swarna*, 2007 WL 2815605, at *1; *Ehrenfeld v. Salim a Bin Mahfouz*, No. 04-CV-9641, 2005 WL 696769, at *2 (S.D.N.Y. Mar. 23, 2005).

Service on The Correct Law Office, supplemented by the additional steps that the Court will discuss, comports with constitutional standards of due process. "Constitutional notions of due process require that any means of service be 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Anticevic*, 2009 WL 361739, at *4 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Specifically, service on a foreign party's attorney is appropriate if the attorney has had prior communications with the party and is likely to be able to notify him of the pendency of the action. *See Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 116 (S.D.N.Y. 2010) (collecting cases). Prior to the time that this case was filed, The Correct Law Office sent several letters to Sotheby's on behalf of Yeh, many of which threatened litigation. *See, e.g.*, Sigda Reply Decl. Exs. 1, 3, 11, 12; *see also id.* ¶¶ 2, 4, 13. The letters expressly stated that Yeh was The Correct Law Office's client and that the Law Office had sent the letters at his direction. *See id.* Exs. 1, 3, 12. In subsequent letters, Sotheby's and The Correct Law Office then discussed Sotheby's withdrawal of the Vessel from the auction. *See, e.g.*, *id.* Exs. 8–12. Additionally, The Correct Law Office provided Sotheby's with two addresses that it believed were associated with Yeh. *See* Declaration of Dean Nicyper in Supp. of Mot. for Alt. Service ("Nicyper Decl."), Dkt. 42, ¶ 4. The Correct Law Office has refused to accept service for Yeh, *see id.*, but the record does not show that The Correct Law Office has disclaimed an ability to communicate with him. Given these circumstances, it appears likely that The Correct Law Office is in communication with Yeh and able to locate him; thus, service on The Correct Law Office is reasonably calculated to provide notice of this lawsuit to Yeh. *See Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (service on a party's attorney was consistent with due process where

the party had "specifically consulted" with the attorney regarding the lawsuit); *Ehrenfeld*, 2005 WL 696769, at *3 (service on a defendant's attorneys satisfied due process because the attorneys "must be in communication with Defendant in relation to the pending legal proceedings . . . and will know how to locate [Defendant]").

### C. Sotheby's Is Ordered to Take Additional Steps to Attempt to Effect Service

Sotheby's prior communications with The Correct Law Office appear to have been made by email and fax, specifically, to the email address and fax number that appear on The Correct Law Office's letterhead. *See, e.g.*, Sigda Reply Decl. Exs. 6–8; *see also id.* Ex. 3. The present record is unclear whether Sotheby's has sent a copy of the third-party complaint and summons to The Correct Law Office through email and fax. *See* Nicyper Decl. ¶ 4 (stating that Sotheby's "asked" The Correct Law Office to accept service on behalf of Yeh, without specifying the means by which Sotheby's contacted the Law Office).

Accordingly, Sotheby's is ORDERED to send copies of the third-party complaint, summons, and this opinion to all email addresses and fax numbers that Sotheby's has reason to believe are associated with The Correct Law Office or Yeh. *See Gurung v. Malhotra*, 279 F.R.D. 215, 220 (S.D.N.Y. 2011) ("Where, as here, a plaintiff demonstrates that service via electronic mail is likely to reach the defendant, due process is satisfied."); *Philip Morris USA Inc. v. Veles Ltd.*, No. 06-CV-2988, 2007 WL 725412, at *2 (S.D.N.Y. Mar. 12, 2007). Additionally, Sotheby's is ORDERED to mail a copy of this opinion to The Correct Law Office and to all postal addresses believed to be associated with Yeh (with return receipt requested).[4]

---

[4] Sotheby's must provide both an English language and a Chinese certified translation of the third-party complaint and summons to The Correct Law Office and Yeh. Sotheby's need not provide a translated copy of this opinion, due to the costs that would be involved in obtaining one.

9

Finally, Sotheby's is ORDERED to attempt to effect service by publication. Sotheby's must publish a Chinese certified translation of the third-party summons and a brief statement (in Chinese) of the nature of the action and the relief sought in two newspapers of general circulation in Taiwan, at least one time per week for four successive weeks, with the first publication occurring no later than **October 19, 2018**. *See Anticevic*, 2009 WL 361739, at *4 (service by publication satisfies due process "so long as a plaintiff reasonably calculates that the published notice is likely to come to the defendant's attention"); *see also Gurung*, 279 F.R.D. at 220–21.

Sotheby's is ORDERED to file proof of its compliance with this order no later than **November 16, 2018**. Yeh, in turn, is ORDERED to respond to Sotheby's motion for discharge and attorneys' fees no later than **November 15, 2018**. If Yeh fails to do so, the Court will decide the motion for discharge and attorneys' fees on the basis of the submissions that Sotheby's and Plaintiffs have filed.

For all the foregoing reasons, Sotheby's motion for alternative service is GRANTED IN PART. Provided that Sotheby's timely files proof of service as set forth above, this Court will deem Yeh properly served pursuant to Rule 4(f)(3).

## II. The Other Claims in This Action

Pending Sotheby's final attempts to attempt to effect service on Yeh, Sotheby's motion for discharge and for attorneys' fees is HELD IN ABEYANCE.[5]

---

[5] On September 27, 2018, Plaintiffs filed a letter requesting that the Court promptly resolve the disputed ownership of the Vessel, as Wei "has not had the benefit of his property . . . for more than 4 years" and "cannot do anything with the [V]essel until this matter is resolved." Ltr., Dkt. 47. The Court is mindful that parties' attempts to effect service on Yeh have delayed resolution of this question. But because Yeh has asserted a nonfrivolous claim to the Vessel, the interests of fairness require that the parties make substantial efforts to apprise him of this lawsuit. The Court also notes that Plaintiffs' failure to join Yeh to this action when they first filed it and their opposition to Sotheby's motion for alternative service (before later reversing their position and joining in Sotheby's motion) have contributed to the delays in this case.

Apart from the interpleader claim, however, Sotheby's has brought a counterclaim against Plaintiffs for breach of contract. Plaintiffs have not answered or otherwise responded to Sotheby's counterclaim for breach of contract. Plaintiffs are ORDERED to answer or otherwise respond to Sotheby's counterclaim no later than **October 31, 2018**.

Plaintiffs, Yeh, and Sotheby's are further ORDERED to appear for a conference with this Court on **December 7, 2018 at 10:00 a.m.** in Courtroom 443 of the Thurgood Marshall U.S. Courthouse, to set a schedule for discovery. No later than **November 29, 2018**, the parties must submit a joint pre-conference letter and a joint proposed Civil Case Management Plan.[6]

## CONCLUSION

To summarize the Court's rulings:

1.  Sotheby's motion for alternative service (Dkt. 40) is GRANTED IN PART. No later than **November 16, 2018**, Sotheby's must file proof that it has complied with this order. Specifically, Sotheby's must send copies of the third-party complaint (with translation), summons (with translation), and this opinion to (a) all email addresses and fax numbers that Sotheby's has reason to believe are associated with The Correct Law Office or Yeh and (b) via mail (return receipt requested) to The Correct Law Office and to all postal addresses that Sotheby's has reason to believe are associated with Yeh. Additionally, Sotheby's must publish notice of this action in two newspapers of general circulation in Taiwan, consistent with the terms of this order, commencing not later than **October 19, 2018**.

2.  Yeh is ORDERED to respond to Sotheby's motion for discharge and for attorneys' fees no later than **November 15, 2018**.

---

[6] The joint letter must address, in separate paragraphs (1) the factual and legal bases for the parties' claims and defenses; (2) any contemplated motions; (3) the basis for subject matter jurisdiction; and (4) the prospect for settlement. A form for the proposed Civil Case Management Plan may be found on the Court's website at http://nysd.uscourts.gov/judge/Caproni.

3. Sotheby's motion for discharge (Dkt. 14) is HELD IN ABEYANCE pending its additional efforts to effect service.

4. Plaintiffs are ORDERED to answer or otherwise respond to Sotheby's counterclaim for breach of contract no later than **October 31, 2018**.

5. Plaintiffs, Yeh, and Sotheby's are ORDERED to appear for a conference with this Court on **December 7, 2018 at 10:00 a.m.** in Courtroom 443 of the Thurgood Marshall U.S. Courthouse to set a schedule for discovery. No later than **November 29, 2018**, the parties must submit a joint pre-conference letter and a joint proposed Civil Case Management Plan.

**SO ORDERED.**

Date: October 3, 2018
New York, New York

_____
**VALERIE CAPRONI**
**United States District Judge**