UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

WEI SU and HAI JUAN WANG,

                    Plaintiffs,

        - against -

SOTHEBY'S INC.,

                    Defendant.

------------------------------------------------------------------------X

SOTHEBY'S, INC.,

                    Plaintiff,

        - against –

WEI SU, HAI JUAN WANG,
and YEO HWANG YEH,

                    Counter-Claim Defendants.

------------------------------------------------------------------------X

Case No. 1:16-cv-04013 (VEC)

**COUNTER-CLAIM DEFENDANT YEH's ANSWER WITH CROSS-CLAIMS**

Counter-Claim Defendant YEO HWANG YEH ("Yeh") by and through his attorneys, The Law Firm of Hugh H. Mo, P.C., answers the Counter-Claims (the "Counter-Claims") of Sotheby's Inc. ("Sotheby's) as follows:

### Nature of the Action

1.    No factual allegations are asserted in paragraph "1" of the Counter-Claims and therefore no answer is appropriate, and refers all questions of law to the Court.

### Parties

2.    Admits the allegations set forth in paragraph "2" of the Counter-Claims.

3.    Admits the allegations set forth in paragraph "3" of the Counter-Claims.

4.      Admits the allegations set forth in paragraph "4" of the Counter-Claims.

5.      Admits the allegations set forth in paragraph "5" of the Counter-Claims.

6.      Admits the allegations set forth in paragraph "6" of the Counter-Claims.

## Jurisdiction

7.      Admits the allegations set forth in paragraph "7" of the Counter-Claims.

Facts and Cause of Action
Against Interpleader Defendants

8.      Admits the allegations set forth in paragraph "8" of the Counter-Claims.

9.      Admits the allegations set forth in paragraph "9" of the Counter-Claims.

10.     Admits the allegations set forth in paragraph "10" of the Counter-Claims.

11.     Admits the allegations set forth in paragraph "11" of the Counter-Claims.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Counter-Claims, except admits that Wang transferred possession of the Property to Sotheby's.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Counter-Claims, except admits that representatives of Yeh contacted Sotheby's and asserted that Yeh had an ownership interest in the Property.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Counter-Claims, except admits that Yeh has demanded that Sotheby deliver the Property to him.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Counter-Claims.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Counter-Claims, except admits that Yeh asserts an ownership interest in the Property.

### Answer to First Counter-Claim

17.     In response to paragraph "17" of the Counter-Claims, Yeh repeats, realleges and incorporates by reference his answers to paragraphs "1" thru "16" as if fully set forth herein.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Counter-Claims.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Counter-Claims.

20.     Denies the allegations set forth in paragraph "20" of the Counter-Claims.

### First Affirmative Defense

The Counterclaims fail to state a claim upon which relief can be granted against Yeh.

### Counter-claim Defendant Yeh's Cross-Claims

### Nature of Cross-Claims

1.     The is a cross-claim against interpleader defendants Wei Su ('Su") and Hai Juan Wang ("Wang") for their conversion of an ancient Chinese ritual bronze wine vessel, Middle Western Zhou Dynasty, 10th-9th Century BC (the "Property) in which Yeh has an ownership interest and that is in the possession and custody of counter-claimant Sotheby's, Inc. ("Sotheby's").

2.     Counter-claim Defendant Yeo Hwang Yeh ("Yeh") resides at 2 Fl., No. 72, Ln. 269, Sec. 3, Roosevelt Road, Da'an Dist., Taipei City 106, Taiwan, Republic of China.

3

3.      Upon information and belief, Counter-Claimant Sotheby's is a duly organized New York corporation with its principal place of business at 1334 York Avenue, New York, New York.

4.      Upon information and belief, interpleader defendant Su resides at 602, No. 65, Honzhong Road, Minhang District, Shanghai, China, a resident of Shanghai, China.

5.      Upon information and belief, interpleader defendant Wang resides at Room 202, No. 12, Land 338, Hu Ting Bei Lu, Shanghai, China.

6.      In early 2000, Yeh purchased the Property from a third-party in Taiwan.

7.      On May 31, 2005, Yeh brought the Property from Taiwan to Shanghai, China with the intent to have the Property sold by a Shanghai auction house.

8.      On June 1, 2005, Yeh brought the Property to a Shanghai auction house, and entrusted two agents to consign the Property for a subsequent sale.

9.      The auction was unsuccessful, Yeh and a non-party individual, Zhang Shenbao ("Zhang"), both attempted to seek the return of the Property from the auction house with each claiming ownership of the Property.

10.     Zhang's claim was predicated on a purported written agreement between him and Yeh that they are co-owners of the Property in connection with a loan transaction between them and that in the event the auction was unsuccessful he has the right to possess the Property pending sale.

11.     The Shanghai auction house refused to return the Property to either Yeh or Zhang due to their disputed ownership claims.

12.     Yeh and Zhang engaged in civil litigation in Shanghai over their competing claims to the Property.

4

13.    The litigation was resolved by a Civil Judgment of the Shanghai High People's Court, dated May 22, 2007 ("Shanghai Court"), in which the Shanghai Court held that Yeh and Zhang each has a co-ownership interest in the Property and Zhang has the right of possession based on a written agreement between Yeh and Zhang.

14.    The Shanghai Court held that:

"The Agreement signed between Yeh Yao Hwang and Zhang Shen Bao has expressly stated that the Agreement consists of the agreed terms for the co-ownership of the disputed bronzeware between both parties.... [T]his Court believes that the Agreement has clearly confirmed the co-ownership of the disputed bronzeware between Yeh Yao Hwang and Zhang Shen Bao." Page 6

(*See*, Civil Judgment with English translation annexed hereto as Exhibit "A," at p. 6).

15.    The Shanghai Court's ruling does not confer Zhang with the right or authority to transfer or sell the Property to any third-party, including Su, without obtaining Yeh's prior consent.

16.    Yeh is entitled to have the Civil Judgment recognized and enforced by the Court.

17.    After the Shanghai Court's ruling, Zhang transferred the Property to Su without Yeh's knowledge and prior consent.

18.    At the time Su acquired the Property from Zhang, he was aware that Yeh was a co-owner of the Property with Zhang pursuant to the Shanghai Court's ruling.

19.    At the time Su acquired the Property from Zhang, he was aware that under the Shanghai Court's ruling, Zhang was merely entitled to possession of the Property and that Yeh's prior consent was required in order for Zhang to legally transfer the Property to Su.

20.    Su acquired the Property from Zhang without Yeh's knowledge and prior consent.

21.    Upon information and belief, Su entered into an agreement with Wang to have the Property sold by Sotheby's at auction without Yeh knowledge or prior consent.

22.     On or about July 22, 2014, Wang entered into a consignment agreement with Sotheby's for the consignment of the Property to Sotheby's (the "Consignment Agreement").

23.     Wang entered into the Consignment Agreement as agent for the then undisclosed principle Su.

24.     Wang entered into the Consignment Agreement without Yeh's knowledge or prior consent.

25.     At the time Wang entered into the Consignment Agreement he was aware that Yeh had an ownership interest in the Property pursuant to the Shanghai Court's ruling.

26.     At the time Wang entered into the Consignment Agreement he was aware that under the Shanghai Court's ruling Zhang was merely entitled to possession of the Property.

27.     Wang entered into the Consignment Agreement knowing that Yeh's prior consent was required before the Property could be sold.

28.     Wang transferred possession of the Property to Sotheby's in contemplation of a sale of the Property without Yeh's knowledge or prior consent.

29.     By letter dated September 1, 2014, Yeh's counsel in Taiwan advised Sotheby's that Yeh was a co-owner of the Property with Zhang.

30.     Yeh's counsel advised Sotheby that the Property had been transferred to it for sale without Yeh's knowledge or consent.

31.     Yeh's counsel demanded that Sotheby's withdraw the Property from the auction.

32.     Upon information and belief, Sotheby's notified Su that it was withdrawing the Property from the auction because of Yeh's claim of ownership.

33.     Upon information and belief, Sotheby's withdrew the Property from the auction.

34.     Sotheby's refused to return the Property to Su and/or Wang due to Yeh's claim of ownership.

35.     Upon information and belief, Su brought an action in China against Zhang in Henan Luoyang Intermediate People's Court, in Luoyang, Henan Province, China, ("Henan Court") in order to obtain clear title to the Property.

36.     Upon information and belief, Su brought the action against Zhang in the Henan Court knowing that the Shanghai Court had previously determined that Yeh and Zhang were co-owner of the Property.

37.     Su brought the action in the Henan Court without including Yeh as a party.

38.     On June 26, 2015, the Henan Court issued a decision and finding that title to the Property is vested in Su.

39.     The Henan Court decision did nothing to confer title to Su because Yeh, who was co-owner of the Property pursuant to the Shanghai Court ruling, was not named as a party.

40.     Any assertion by Su of ownership to the Property based on the Henan Court's decision has no basis in law or fact.

### First Cross-Claim
Conversion

41.     Yeh repeats and realleges each of the allegations set forth in paragraphs "1" to "40" of this Answer with Cross-Claims as though fully set forth herein.

42.     At all relevant times, Yeh was and continues to be co-owner to the Property.

43.     Su and Wang, by their wrongful acts, conspired to illegally take, and did illegally take the Property which was rightfully co-owned by Yeh and convert the Property for their own use and benefit.

44.    Su's and Wang's wrongful acts include, but are not limited to, putting the Property co-owned by Yeh up for auction by Sotheby's without obtaining permission from Yeh.

45.    Yeh was deprived of his ownership interest in the Property by Su's and Wang's unauthorized act.

46.    By reason of the foregoing, Yeh has sustained damages due to Su's and Wang's conversion of the Property in an amount to be determined at trial.

## Second Cross-Claim
### Declaratory Judgment

47.    Yeh repeats and realleges each of the allegations set forth in paragraphs "1" to "46" of this Answer with Cross-Claims as though fully set forth herein

48.    Yeh is a co-owner of the Property.

49.    Su and Wang have improperly and unlawfully deprived Yeh of his ownership interest in the Property

50.    Yeh request a declaration by this Court that he is a co-owner of the Property.

WHEREFORE, Yeh seeks an order from the Court as follows:

(a)   awarding Yeh damages against Wang in an amount to be determined by the Court;

(b)   declaring Yeh to be co-owner of the Property;

(c)   awarding costs and disbursements of this action, including reasonable attorney's fees; and

(d)   awarding Yeh such other and further relief as this Court deems just and proper.

Dated: New York, New York
   May **24**, 2019

THE LAW FIRM OF HUGH H. MO, P.C.

By: _____
   Hugh H. Mo
   Pedro Medina
   Elizabeth L. Mo

The Law Firm of Hugh H. Mo, P.C.
225 Broadway, Suite 2702
New York, New York 10007
(212) 385-1500

*Attorneys for Defendants*

9