```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
WEI SU and HAI JUAN WANG,              )    Case No.: 17-cv-04577 (VEC)
              Plaintiffs,              )
                                       )
       -against-                       )    ANSWER TO CROSS- CLAIMS
                                       )    OF YEO HWANG YEH
SOTHEBY'S INC.,                        )        AND
              Defendant.               )    CROSS-CLAIM OF WEI SU
-------------------------------------------------------)
SOTHEBY'S INC.,                        )
              Counter-Claimant         )
                                       )
       -against-                       )
                                       )
WEI SU and HAI JUAN WANG and           )
YEO HWANG YEH                          )
              Counter-Claim Defendants.)
-------------------------------------------------------X
YEO HWANG YEH                          )
              Cross-Claimant           )
                                       )
       -against-                       )
                                       )
WEI SU and HAI JUAN WANG               )
              Cross-Claim Defendants   )
-------------------------------------------------------X
WEI SU                                 )
              Cross-Claimant           )
                                       )
       -against-                       )
                                       )
YEO HWANG YEH                          )
              Cross-Claim Defendant    )
-------------------------------------------------------
```

Wei Su and Hai Juan Wang, Cross-Claim Defendants herein, answer the Cross-Claims of Yeo Hwang Yeh, as follows:

1. Paragraph 1 is descriptive in nature and therefore does not require a response. To the extent it alleges facts, Cross-Claim Defendants deny such allegations.

1

2. Cross-Claim Defendants admit that Cross-Claimant is a domiciliary and citizen of China and deny knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 2.

3. Cross-Claim Defendants deny knowledge or information sufficient to admit or deny the allegations of Paragraph 3.

4. Cross-Claim Defendants admit the allegations of Paragraph 4.

5. Cross-Claim Defendants admit the allegations of Paragraph 5.

6. Cross-Claim Defendants deny knowledge or information sufficient to admit or deny the allegations of Paragraph 6.

7. Cross-Claim Defendants deny knowledge or information sufficient to admit or deny the allegations of Paragraph 7.

8. Cross-Claim Defendants deny knowledge or information sufficient to admit or deny the allegations of Paragraph 8.

9. Cross-Claim Defendants deny knowledge or information sufficient to admit or deny the allegations of Paragraph 9.

10. Cross-Claim Defendants deny knowledge or information sufficient to admit or deny the allegations of Paragraph 10.

11. Cross-Claim Defendants deny knowledge or information sufficient to admit or deny the allegations of Paragraph 11.

12. Cross-Claim Defendants deny knowledge or information sufficient to admit or deny the allegations of Paragraph 12.

13. Cross-Claim Defendants deny knowledge or information sufficient to admit or deny the allegations of Paragraph 13.

14. Cross-Claim Defendants deny knowledge or information sufficient to admit or deny the allegations of Paragraph 14.

15. Cross-Claim Defendants deny the allegations of Paragraph 15.

16. Cross-Claim Defendants deny the allegations of Paragraph 16.

17. Cross-Claim Defendants deny the allegations of Paragraph 17.

18. Cross-Claim Defendants deny the allegations of Paragraph 18.

19. Cross-Claim Defendants deny the allegations of Paragraph 19.

20. Cross-Claim Defendants deny the allegations of Paragraph 20.

21. Cross-Claim Defendants admit the agreement with Wang but deny the remaining allegations of Paragraph 21.

22. Cross-Claim Defendants admit the allegations of Paragraph 22.

23. Cross-Claim Defendants admit the allegations of Paragraph 23.

24. Cross-Claim Defendants deny knowledge or information sufficient to admit or deny the allegations of Paragraph 24.

25. Cross-Claim Defendants deny the allegations of Paragraph 25.

26. Cross-Claim Defendants deny the allegations of Paragraph 26.

27. Cross-Claim Defendants deny the allegations of Paragraph 27.

28. Cross-Claim Defendants admit that Wang transferred possession of the Property to Sotheby's under a Consignment Agreement but deny knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 28.

29. Cross-Claim Defendants deny knowledge or information sufficient to admit or deny the allegations of Paragraph 29.

30. Cross-Claim Defendants deny knowledge or information sufficient to admit or deny the allegations of Paragraph 30.

31. Cross-Claim Defendants deny knowledge or information sufficient to admit or deny the allegations of Paragraph 31.

32. Cross-Claim Defendants admit the allegations of Paragraph 32.

33. Cross-Claim Defendants admit the allegations of Paragraph 33.

34. Cross-Claim Defendants admit the allegations of Paragraph 34.

35. Cross-Claim Defendants admit the allegations of Paragraph 35.

36. Cross-Claim Defendants deny the allegations of Paragraph 36.

37. Cross-Claim Defendants admit the allegations of Paragraph 37.

38. Cross-Claim Defendants admit the allegations of Paragraph 38.

39. Cross-Claim Defendants deny the allegations of Paragraph 39.

40. Cross-Claim Defendants deny the allegations of Paragraph 40.

41. Cross-Claim Defendants reallege the allegations of Paragraphs 1 to 40 above.

42. Cross-Claim Defendants deny the allegations of Paragraph 42.

43. Cross-Claim Defendants deny the allegations of Paragraph 43.

44. Cross-Claim Defendants deny the allegations of Paragraph 44.

45. Cross-Claim Defendants deny the allegations of Paragraph 45.

46. Cross-Claim Defendants deny the allegations of Paragraph 46.

47. Cross-Claim Defendants reallege the allegations of Paragraphs 1 to 47 above.

48. Cross-Claim Defendants deny the allegations of Paragraph 48.

49. Cross-Claim Defendants deny the allegations of Paragraph 49.

50. Cross-Claim Defendants deny that Cross-Claimant is entitled to a declaration that he is the owner of the Property as alleged in the Cross-Claim.

## AFFIRMATIVE DEFENSES

51. The Cross-Claims fail to state a claim on which relief can be granted.

52. The Court lacks subject matter jurisdiction over the Cross-Claims.

53. The Cross-Claims are barred by the statute of limitations.

54. The Cross-Claims are barred by the doctrine of adverse possession.

55. The Cross-Claims are barred by the doctrines of laches, estoppel, waiver, and clean hands.

## CROSS-CLAIM OF WEI SU AGAINST YEO HWANG YEH FOR SLANDER OF TITLE

56. Plaintiff and Cross-Defendant Wei Su realleges, and incorporates herein by reference as though specifically set forth herein, the allegations of the Complaint in this action and the allegations of Paragraphs 1-55 above.

57. The Court has jurisdiction over this Cross-Claim pursuant to U.S.C. 1332 and Federal Rules of Civil Procedure 22, 19, 20, and 13(g).

58. Yeo Hwang Yeh ("Yeh") knew in 2011 and certainly by September 2014, when he claimed ownership of the Property and demanded possession of the Property—which was then in the possession of Sotheby's Inc., that Wei Su had acquired the Vessel as a bona fide purchaser for value from Zhang Shenbao ("Zhang") and that Zhang was at the time of that purchase in lawful possession of the Property under a claim of ownership.

59. Nevertheless, Yeh continued to assert that he had an ownership interest in the Property and was entitled to possession.

60. Yeh continued to make these assertions to Sotheby's even after the statute of limitations ran in September 2017 and has continued to make such claims in pleadings in this action.

61. At all times Yeh knew that Sotheby's would not auction the Property given Yeh's claim and that Wei Su could not sell the Property through any other reputable auction house in the face of Yeh's claims.

62. Yeh's claims were therefore made in bad faith and for sole purpose of disparaging and slandering Wei Su's title to the Property in an attempt to extract value from Wei Su as a condition to allowing Wei Su to auction the Property through Sotheby's.

63. As a result of such slander, Wei Su has suffered special damages in the form of attorney's fees in establishing his ownership of the Vessel, both in China and in the U.S. in dealing with Sotheby's and Yeh. The amount of such fees continues to increase and will to be proved at trial. In addition, Yeh's slander has caused a delay in the sale of the Vessel, resulting in special damages to Wei Su in an amount to be proved at trial.

**WHEREFORE,** Cross-Claim Defendants and Wei pray as follows:

(a) That Yeh's Cross-Claims be dismissed with prejudice;

(b) That Yeh take nothing by way of his Cross-Claim;

(c) That Wei Su be granted judgment for slander of title against Yeh in the amount of the special damages to be proved at trial; and

(d) For costs, fees, attorneys' fees, interest and such other legal and equitable relief in favor of Cross-Claim Defendants and Cross-Claimant Wei Su as this Court deems appropriate.

Respectfully submitted this 2nd day of June 2019.

                                          FOR CROSS-CLAIM DEFENDANTS
                                          AND CROSS-CLAIMANT WEI SU
                                          Law Offices of Xuejie Wong PLLC

                                          By:_____
                                          Xuejie Wong, Esq.
                                          139 Centre Street, Suite 208
                                          New York, NY 10013
                                          (212) 941-5483