```
UNITED STATES DISTRICT COURT                          USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                         DOCUMENT
------------------------------------------------- X   ELECTRONICALLY FILED
  WEI SU and HAI JUAN WANG,                       :   DOC #:
                                                  :   DATE FILED: 08/28/2019
                             Plaintiffs,          :
                                                  :
                 -against-                        :
                                                  :
  SOTHEBY'S, INC.,                                :
                                                  :
                             Defendant.           :
------------------------------------------------- :
  SOTHEBY'S, INC.,                                :
                                                  :
                             Counter-Claimant,    :
                                                  :
                 -against-                        :
                                                  :
  WEI SU, HAI JUAN WANG, and YEH YAO HWANG        :
                                                  :
                      Counterclaim-Defendants,    :   17-CV-4577 (VEC)
                                                  :
------------------------------------------------- :   MEMORANDUM OPINION
  YEH YAO HWANG,                                  :      AND ORDER
                                                  :
                             Cross-Claimant,      :
                                                  :
                 -against-                        :
                                                  :
  WEI SU and HAI JUAN WANG,                       :
                                                  :
                             Cross-Defendants,    :
------------------------------------------------- :
  WEI SU and HAI JUAN WANG,                       :
                                                  :
                             Cross-Claimants,     :
                                                  :
                 -against-                        :
                                                  :
  YEH YAO HWANG,                                  :
                                                  :
                             Cross-Defendant,     :
------------------------------------------------- X
```

VALERIE CAPRONI, United States District Judge:

Counterclaim-Defendant, Cross-Claimant, and Cross-Defendant Yeh Yao Hwang ("Yeh") moves to compel Plaintiffs, Counterclaim-Defendants, Cross-Defendants, and Cross-Claimants Wei Su and Hai Juan Wang (collectively "Plaintiffs") to appear for a deposition in New York, Dkt. 140. Plaintiffs oppose based on undue hardship and have cross-moved for a protective order directing that their depositions be taken remotely, via video-conference, from Shanghai, China. Dkt. 142. For the reasons discussed below, Plaintiffs' motion for a protective order is DENIED, and Yeh's motion to compel is GRANTED IN PART.

"There is a general presumption that a plaintiff who chooses a particular forum should be prepared to be deposed in that forum." *Connell v. City of New York*, 230 F. Supp. 2d 432, 436 (S.D.N.Y. 2002) (citing *Clem v. Allied Van Lines Int'l Corp.,* 102 F.R.D. 938, 939 (S.D.N.Y.1984) ("[T]his Court has long enunciated the policy of requiring a non-resident plaintiff who chooses this district as his forum to appear for deposition in this forum absent compelling circumstances.")); *see, e.g.*, *Restis v. Am. Coal. Against Nuclear Iran, Inc.*, No. 13-CV-5032, 2014 WL 1870368, at *3 (S.D.N.Y. Apr. 25, 2014) ("Since plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for [a] deposition." (citing 8A Wright, Miller & Marcus Fed. Practice & Procedure Section 2112 (3d ed.2010))); *MPD Accessories B.V. v. Target Corp.*, No. 12-CV-7259, 2013 WL 1200359, at *1 (S.D.N.Y. Mar. 1, 2013) (citing *Clem*, 102 F.R.D. at 939). Additionally, "[w]ith respect to the location of a deposition, as a general rule, 'the party who notices a deposition is entitled to choose its location.'" *Hui Wang v. Omni Hotels Mgmt. Corp.*, No. 18-CV-2000, 2019 WL 2083296, at *3 (D. Conn. May 13, 2019) (quoting *Brockway v. Veterans Admin. Healthcare Sys.*, No. 10-CV-719, 2011 WL 1459592, at *5 (D. Conn. Apr. 15, 2011)) (collecting cases).

2

The Court may, however, designate the time, place, and manner of a deposition for good cause. *See* Fed. R. Civ. P. 26(c)(1)(B) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . .[by] specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery."), 30(b)(4) ("[T]the court may on motion order [] that a deposition be taken by telephone or other remote means."); *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69–70 (2d Cir. 2003) ("[A]lthough a party seeking a deposition need not demonstrate the propriety of its request, judges may prevent the proposed deposition when the facts and circumstances are such that it creates an inappropriate burden or hardship."). A plaintiff resisting deposition or seeking a protective order bears the burden of showing good cause. *Hui Wang*, 2019 WL 2083296, at *8 (citing *United States v. Hooker Chemicals & Plastics Corp.*, 90 F.R.D. 421, 425 (W.D.N.Y. 1981)). To determine whether that burden has been met, the Court must consider "cost, convenience, and litigation efficiency," balancing the expected prejudice and hardship to the interested parties. *Buzzeo v. Bd. of Educ., Hempstead*, 178 F.R.D. 390, 393 (E.D.N.Y. 1998) ("[A]n analysis of cost, convenience and litigation efficiency [] is the appropriate standard under which to evaluate the motion."); *Normande v. Grippo*, No. 01-CV-7441, 2002 WL 59427, at *1 (S.D.N.Y. Jan. 16, 2002) ("[C]ourts must strive to achieve a balance between claims of prejudice and those of hardship.").

Because Plaintiffs chose to file suit in this district (and are the party moving for a protective order), they bear the burden of showing the existence of good cause to excuse their presumptive obligation to be deposed in New York. Plaintiffs argue, however, that they should be relieved of that obligation because they originally sued Defendant Sotheby's, Inc., not Yeh; Yeh only joined the suit as a result of Sotheby's interpleader action. While that recitation of the procedural history of the case may be accurate, whether Plaintiffs are being deposed by

Sotheby's or by Yeh is irrelevant to Plaintiffs' burden. The general rule that a plaintiff should bear any inconvenience arising out of litigating in their choice of forum is rooted in fairness: as between a plaintiff and any other party, the plaintiff has the greatest latitude in choosing the most convenient forum. *See Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 550 (S.D.N.Y. 1989) ("[A] plaintiff must generally submit to deposition in the district where he has commenced litigation."); *Fed. Deposit Ins. Co. v. La Antillana, S.A.*, No. 88-CV-2670, 1990 WL 155727, at *1 (S.D.N.Y. Oct. 5, 1990) ("The rationale . . . is that plaintiff has had the liberty of bringing the suit and has exercised choice as to the action's forum; because defendants are not before the Court by choice, it is the plaintiff who should bear any reasonable burdens of inconvenience that the action presents."). By commencing litigation in this district (and by transacting with Sotheby's in this district), Plaintiffs should have reasonably anticipated being required to appear in this district for depositions or other proceedings, including trial. Absent a showing that being deposed by Yeh is somehow significantly more burdensome than what Plaintiffs could have reasonably contemplated based on their lawsuit against Sotheby's, Plaintiffs' efforts to displace the presumption are without merit.[1]

Plaintiff Wang claims hardship based on generalized familial obligations and her employment in Shanghai. Dkt. 142-2 at 2. She does not cite financial hardship or provide any evidence of indigence. *See id.* Wang's circumstances cannot suffice as an exception to the general rule because virtually every non-resident plaintiff is likely to have some type of family or

---

[1] Plaintiffs also contend, incorrectly, that their motion should "presumptively be granted" pursuant to Local Civil Rule 30.2. The text of Rule 30.2 clearly refers to a motion made by the party noticing a remote deposition, not a motion for a protective order made by the deponent. Local Civ. R. 30.2 ("*The motion of a party to take the deposition* of an adverse party by telephone or other remote means will presumptively be granted." (emphasis added)). Plaintiffs' argument on this point is therefore unavailing at best and misleading at worst.

employment obligations outside the district.² Because Wang has not explained how a brief absence of a few days would be unusually burdensome on her family or her employment,³ the Court finds that Wang has not demonstrated good cause for a protective order and that an order compelling her deposition in the United States is appropriate. *See Hui Wang*, 2019 WL 2083296, at *8 ("To provide 'good cause' for her motion, Plaintiff must present the *specific facts* that give rise to her hardship." (emphasis in original)).

Plaintiff Su's alleged hardship is primarily his health concerns, but his argument suffers from multiple defects that undercuts its weight. According to Su's affidavit, traveling to New York "would endanger [his] life." Dkt. 142-3 at 2. His medical note, however, issued by the Luoyang Massage Hospital, states that Su, who is 46 years old, is "not suit[ed] to travel by air, high-speed railway and other means of transportation." Dkt. 142-3 at 4. Although Su's doctor appears to have diagnosed him with a disc herniation and arteriosclerosis, the note does not provide any details as to Su's symptoms—or how his conditions may be life-threatening. Moreover, the note, dated August 15, 2019, is not accompanied by any pre-litigation medical history or diagnosis. Further undermining the medical opinion that Su is not suited to travel by any "means of transportation," apparently for the rest of his life, is Su's own proposal to be deposed in Shanghai, which is more than 10 hours away from the Luoyang Massage Hospital by

---

²     Wang also claims that her deposition will be of little value—and therefore Yeh will not be prejudiced by any limitations on the mode of the deposition. The Court finds it premature to determine whether Wang, who filed this action, is not a material witness before she can be deposed.

³     Nor can the Court infer any such hardship because Wang does not disclose the ages of her dependents, their conditions, whether she has a spouse or siblings who can assist in shouldering her burden while she is away, or the nature of her job. Nor does Wang contend that she cannot afford childcare or other domestic help during her brief absence.

5

car.[4] For those reasons, although medical reasons can sometimes constitute good cause, the Court finds that Su has failed to make an adequate showing.[5]

Moreover, Su's purported health condition cannot outweigh competing considerations of prejudice and litigation efficiency. Although Plaintiffs contend that Yeh will not be prejudiced in any way, conducting a remote deposition in this case presents numerous logistical difficulties. *See Memory Film Prods. v. Makara*, No. 05-CV-3735, 2007 WL 1385740, at *3 (E.D.N.Y. May 9, 2007) ("The court finds that an in-person deposition is also preferable in terms of ensuring the accuracy of the depositions and interpretations, and avoiding the prejudice and expenses [that Defendant] would face were she required to conduct the depositions . . . by telephone, across continents and time zones."). In addition, Plaintiffs' proposal consists almost entirely of a claim that WeChat and Zoom are reliable technologies, without any regard for how Rule 28(b) requirements would be satisfied in a way that does not run afoul of Chinese law. According to the United States Department of State, "China does not permit attorneys to take depositions in China for use in foreign courts"; such depositions, "as a general matter, [may] only be accomplished through requests to its Central Authority under the Hague Evidence Convention"; "[c]onsular depositions would require permission from the Central Authority on a case by case basis"; and "[p]articipation in [unapproved deposition] activity could result in the arrest,

---

[4] The Complaint indicates that Plaintiffs reside in Shanghai. Dkt. 1 ¶¶ 1–2. The record does not disclose whether Su traveled to the Luoyang Massage Hospital to be examined, whether he now resides in Luoyang and is willing to travel to Shanghai for a deposition, or whether Su's doctor rendered an opinion without conducting a physical examination. Any of those scenarios would cast serious doubt on Su's claim that his health prevents long-distance travel.

[5] Su also claims, without any support or setting forth specific facts, that he is "currently unable to obtain a visa." Dkt. 142-3 at 2. The Court finds that Su's conclusory statement does not constitute a specific showing of good cause. *See also MPD Accessories*, 2013 WL 1200359, at *1 (rejecting argument that burden of obtaining visas constitutes undue hardship on non-resident plaintiff).

detention or deportation of the American attorneys and other participants."[6] Thus, as the record stands today, there is a non-negligible risk that swearing an oath and answering deposition questions, even those posed remotely,[7] could violate Chinese law—an issue that Plaintiffs have failed to address in proposing their alternative. At minimum, the Court would have to require further briefing on whether Plaintiffs' video deposition could subject the parties and their attorneys to sanctions under Chinese law. And, if so, the parties would have to obtain approval from China's Central Authority, consistent with the Hague Evidence Convention, before proceeding with a Shanghai-based deposition. All of the foregoing would cause delay and prejudice.

In sum, the Court holds that, on balance, Plaintiffs have not carried their burden of showing good cause for a protective order; their motion is, therefore, DENIED. The Court, however, is not insensitive to Plaintiffs' inconvenience and potential family and health considerations. For that reason, the parties are directed to meet and confer, in good faith, as to alternative locations within the United States that may be more amenable to Plaintiffs' needs, such as California or Hawaii, should Plaintiffs agree to bear Yeh's costs for conducting any such depositions outside of New York.[8] Yeh's motion to compel depositions is therefore GRANTED IN PART, to the extent that such depositions must occur within the jurisdiction of the United

---

[6] U.S. Department of State, Bureau of Consular Affairs, *Judicial Assistance Country Information, China*, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China.html (last updated May 1, 2009).

[7] As a point of reference, for purposes of the Federal Rules of Civil Procedure, a remote deposition "takes place" in the location where the answers are given. Fed. R. Civ. P. 30(b)(4) ("For the purpose of this rule and Rules 28(a), 37(a)(2), and 37(b)(1), the deposition takes place where the deponent answers the questions.").

[8] To short-circuit any arguments over the meaning of "Yeh's costs", those costs include coach airfare, non-luxury hotel costs, local transportation, and meals for Yeh's attorney (and Yeh, if he intends to attend the deposition). Additionally, if the costs for an interpreter and a court reporter are higher in the chosen venue, the delta between the costs of such services in the chosen venue and the costs of such services in New York is a cost the Plaintiffs would be required to bear.

States.  No later than **September 6, 2019**, Plaintiffs and Yeh must file a joint letter with the Court, after the required meet-and-confer, updating the Court on their resolution or respective positions as to the time and place of Plaintiffs' depositions.  The joint letter must also indicate whether the current deadline of September 30, 2019, for the completion of fact discovery remains feasible; if not, the parties must propose a revised discovery schedule for the Court's approval.

    The Clerk of Court is respectfully directed to terminate any pending motions at docket entries 140 and 142.

**SO ORDERED.**

Date:  August 28, 2019                                         **VALERIE CAPRONI**
       New York, New York                             **United States District Judge**