```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
WEI SU and HAI JUAN WANG,                      :
                                               :
                              Plaintiffs,      :
                                               :
              -against-                        :
                                               :
SOTHEBY'S, INC.,                               :
                                               :
                              Defendant.       :
------------------------------------------------------------------ :
SOTHEBY'S, INC.,                               :
                                               :
                              Counter-Claimant,:
                                               :
              -against-                        :
                                               :
WEI SU, HAI JUAN WANG, and YEH YAO HWANG       :
                                               :
                      Counterclaim-Defendants, :          17-CV-4577 (VEC)
                                               :
------------------------------------------------------------------ :        MEMORANDUM OPINION
YEH YAO HWANG,                                 :             AND ORDER
                                               :
                              Cross-Claimant,  :
                                               :
              -against-                        :
                                               :
WEI SU and HAI JUAN WANG,                      :
                                               :
                              Cross-Defendants,:
------------------------------------------------------------------ :
WEI SU and HAI JUAN WANG,                      :
                                               :
                              Cross-Claimants, :
                                               :
              -against-                        :
                                               :
YEH YAO HWANG,                                 :
                                               :
                              Cross-Defendant, :
------------------------------------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/04/2019

VALERIE CAPRONI, United States District Judge:

This action concerns the disputed ownership of a Chinese artifact, the Zhou Zha Hu ("Vessel"), a bronze wine vessel from 10th to 9th Century B.C.  Am. Compl. (Dkt. 89) ¶ 9. Defendant Sotheby's, Inc. commenced an interpleader action against Wei Su and Hai Juan Wang (Su's agent) (collectively "Su") and Yeh Yao Hwang ("Yeh").  Both of the interpleader defendants have asserted ownership claims to the Vessel, which had been consigned by Su to Sotheby's for auction.  *See* Sotheby's Answer and Counterclaim (Dkt. 101) at 9–10.  Yeh has filed a cross-claim against Plaintiffs for conversion; Su has in turn cross-claimed against Yeh for slander of title.  *See* Yeh Answer and Cross-Claims (Dkt. 104) at 7; Su Answer to Cross-Claim and Cross-Claim (Dkt. 105) at 5.  Before the Court now are Yeh's motion to dismiss Su's cross-claim for slander of title, which is GRANTED, and Su's motion for judgment on the pleadings, which is DENIED.

## BACKGROUND

On or about July or August 2014, Plaintiffs consigned the Vessel to Sotheby's for auction.  Am. Comp. (Dkt. 89) ¶ 14; Sotheby's Answer and Counterclaim (Dkt. 101) at 11.  On September 3, 2014, Yeh contacted Sotheby's and asserted an ownership interest in the Vessel. *See* Sotheby's Answer and Counterclaim (Dkt. 101) ¶ 13; Yeh Answer and Cross-Claim (Dkt. 104) ¶ 13.  Sotheby's withdrew the Vessel from auction and retained possession pending determination of the Vessel's true owner.  *See* Am. Compl. (Dkt. 89) ¶¶ 16–19; Sotheby's Answer and Counterclaim (Dkt. 101) ¶¶ 16–19.

On June 17, 2017, Su commenced this action against Sotheby's for, among other relief, return of the Vessel.  Compl. (Dkt. 1) at 9.  Sotheby's then commenced an interpleader action against Su and Yeh to require them to litigate their conflicting ownership claims; Sotheby's was

eventually discharged from this action as a disinterested stakeholder. Dkt. 112. Sotheby's has continued to retain possession of the Vessel pending the resolution of this dispute. *Id.*

Because Yeh failed to respond to Sotheby's interpleader action, this Court issued an order to show cause why default judgment should not be entered in favor of Su, awarding ownership and possession of the Vessel. Dkt. 68. On March 22, 2019, after Sotheby's engaged in painstaking attempts to serve him, Yeh, acting *pro se*, appeared at a show-cause hearing before this Court. Dkt. 82.

Yeh thereafter retained counsel; he has now answered the interpleader complaint, asserted a conversion claim against Su, and sought a declaratory judgment that he is co-owner of the Vessel. *See* Yeh Answer and Cross-Claims (Dkt. 104) at 7–8. According to Yeh, he has been co-owner of the Vessel since at least May 22, 2007, when the Shanghai High People's Court ruled that Yeh and a non-party to this case, Zhang Shenbao ("Zhang"), were co-owners of the Vessel and that Zhang had the exclusive right to possess the Vessel. *See id.* ¶ 13. Yeh claims that, as co-owner of the Vessel, he had the right to veto any transfer of ownership of the Vessel by Zhang, and that Su had knowingly acquired the Vessel from Zhang without Yeh's informed consent. *See id.* ¶¶ 17–20. Yeh further alleges that Su consigned the Vessel to Sotheby's without Yeh's consent. *See id.* ¶¶ 24, 28. According to Yeh, Su acted in bad faith by declining to mediate the ownership dispute with Yeh directly and instead commencing a quiet-title action in the Henan Luoyang Intermediate People's Court. By not naming Yeh as a party to the Henan quiet title action, Su allegedly prevented Yeh from participating in the lawsuit or learning about the conversion. *Id.* ¶¶ 35, 37–38; Sotheby's Answer and Counterclaim (Dkt. 101) ¶ 16; Su Answer to Cross-Claim and Cross-Claim (Dkt. 105) ¶¶ 35, 37–38.

Su has in turn cross-claimed against Yeh for slander of title, claiming that Yeh knew that Su had rightful title to the Vessel and that Yeh made an ownership claim, in bad faith, to prevent the sale of the Vessel by Sotheby's. *Id.* ¶¶ 58–62.

Yeh has moved to dismiss Su's cross-claim, and Su has moved for judgment on the pleadings. Both sides' arguments rest almost exclusively on the limitations periods for conversion and slander-of-title claims under New York law.

## DISCUSSION

"Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n. 12 (2d Cir. 2014) (citing *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008)); *see also McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004). "The same standard applicable to Fed. R. Civ. P. 12(b)(6) motions to dismiss applies to Fed. R. Civ. P. 12(c) motions for judgment on the pleadings." *Eastman Kodak Co. v. Henry Bath LLC*, 936 F.3d 86, 93 (2d Cir. 2019) (citation omitted). Thus, as to both Yeh's motion to dismiss and Su's motion for judgment on the pleadings, the Court must determine whether the relevant pleading has stated "a claim to relief that is plausible on its face," "interpret[ing] the allegations in the light most favorable to the [non-moving party]" and "drawing reasonable inferences in [the non-moving party's] favor." *Id.*

"Where jurisdiction rests upon diversity of citizenship, a federal court sitting in New York must apply the New York choice-of-law rules and statutes of limitations."[1] *Stuart v. Am.*

---

[1] Subject-matter jurisdiction in this case is predicated on diversity jurisdiction. Sotheby's initiated its interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure, which, unlike statutory interpleader pursuant to 28 U.S.C. § 1335, does not modify the requirements for diversity jurisdiction. In a Rule 22 interpleader action, diversity jurisdiction arises if the party initiating the interpleader (the stakeholder) is diverse as to every

*Cyanamid Co.*, 158 F.3d 622, 626 (2d Cir. 1998). New York law "provides that 'when a nonresident plaintiff sues upon a cause of action that arose outside of New York, the court must apply the shorter limitations period, including all relevant tolling provisions, of either: (1) New York; or (2) the state where the cause of action accrued.'" *Thea v. Kleinhandler*, 807 F.3d 492, 497 (2d Cir. 2015) (quoting N.Y. C.P.L.R. § 202). In other words, regardless of where Yeh's and Su's claims accrued, they are untimely if they are beyond the limitations periods applicable in New York. *See id.* As evidenced by their briefing, the parties agree that they are bound by New York law, whether procedural or substantive.

### A. Su's Cross-Claim for Slander of Title

To state a claim for slander of title, the claimant must plausibly allege that the offending party "maliciously" used false statements to cast doubt upon another's property interest, causing "special damages," typically in the form of a lost sale resulting from the cloud on the claimant's title. *See Rosenbaum v. City of New York*, 8 N.Y.3d 1, 12 (2006) ("Special damages are an element of a cause of action for slander of title based upon the recording of an unfounded claim . . . . The most usual manner in which a third person's reliance upon disparaging matter causes pecuniary loss is by preventing a sale to a particular purchaser." (citations and quotation marks omitted)); *Hanbidge v. Hunt*, 183 A.D.2d 700, 701 (2d Dep't 1992) ("The wrongful filing for record of a document which casts a cloud upon another's title to or interest in realty is clearly such an act of publication as to give rise to an action for slander of title, if provable damages

---

claimant. *Franceskin v. Credit Suisse*, 214 F.3d 253, 259 (2d Cir. 2000) ("[A] federal court has diversity jurisdiction over an interpleader action brought pursuant to the Rule so long as the stakeholder . . . is diverse from every claimant."). Here, Sotheby's has New York citizenship and is diverse from both Su and Yeh, who are foreign nationals. *See* Sotheby's Amended Answer and Counterclaim (Dkt. 101) at 10–11. Notwithstanding Sotheby's discharge from liability as a disinterested stakeholder, jurisdiction persists because diversity is determined at the time the interpleader action was commenced. *See Republic of China v. Am. Express Co.*, 195 F.2d 230, 234 (2d Cir. 1952) ("The appellants' argument to the contrary is based upon the theory that the order, by discharging the appellee from liability, left no one but aliens as parties to the suit who will then be in litigation with each other in an action separate and distinct from the initial one. We cannot agree.").

result."); *see also Kendall v. Stone*, 5 N.Y. 14, 19 (1851) ("To maintain the action the words must not only be false, but they must be uttered maliciously and be followed as a natural and legal consequence by a pecuniary damage to the plaintiff, which must be specially alleged in the declaration . . . ." (citations omitted)).  Because the existence of special damages is an element of the cause of action, the claim begins to accrue "not from the date of the [false statement], but from the time a prospective sale is lost because of the cloud on plaintiff's title."[2]  *See Hanbridge*, 183 A.D.2d at 701.  Assuming without deciding that a claim for slander of title may extend beyond title to land,[3] Su's claim is barred by the one-year statute of limitations.  *See id.*; *see also Rosenbaum*, 8 N.Y.3d at 12.

Su's cross-claim against Yeh alleges that Yeh made an ownership claim to Sotheby's in September 2014.  Su Answer to Cross-Claim and Cross-Claim (Dkt. 105) ¶ 58.  Yeh's assertion of ownership allegedly prevented Sotheby's from proceeding with the auction and foreclosed the possibility that any reputable auction house would even attempt to sell the Vessel.  *Id.* ¶ 61.  Yeh's claim also caused Sotheby's, on October 16, 2014, to rebuff Su's demand that the Vessel

---

[2]   Yeh cites two cases for the proposition that the statute of limitations for slander of title begins to run from the time of utterance.  *See Aleem v. Experience Hendrix, L.L.C.*, No. 16-CV-9206, 2017 WL 3105870, at *7 (S.D.N.Y. July 20, 2017); *Reach Music Pub., Inc. v. Warner/Chappell Music, Inc.*, No. 09-CV-5580, 2011 WL 3962515, at *6 (S.D.N.Y. Sept. 7, 2011).  For that proposition, *Aleem* cites to *Reach Music*, which in turn cites state law about slander, not slander of title.  *See Reach Music*, 2011 WL 3962515, at *6 (citing N.Y. C.P.L.R. § 215(3) and *Karam v. First Am. Bank of New York*, 190 A.D.2d 1017, 1018 (4th Dep't 1993) ("In an action for slander, the Statute of Limitations runs from the time of the utterance, not the discovery of the slanderous matter.") and *Friedman v. JP Morgan Chase Manhattan Bank*, 20 Misc. 3d 1125(A) (N.Y. Sup. Ct. 2008) ("An action to recover damages for certain intentional torts, including libel and slander, is subject to a one-year statute of limitations.  The statute of limitations for a slander claim begins to run on the date that the allegedly slanderous statements are uttered.")).  Likening slander-of-title claims to ordinary slander claims, for purposes of determining the limitations period, is foreclosed by the New York Court of Appeals' decision in *Rosenbaum*.  *See* 8 N.Y.3d at 12 ("Special damages are an element of a cause of action for slander of title based upon the recording of an unfounded claim, and the cause of action does not arise until special damages actually result.").  In any event, the distinction between time of utterance and time of injury makes no difference in this case.

[3]   In an opinion that involved no discussion of the distinction between real and personal property and the significance of such a distinction, the New York Court of Appeals held that slander of title was properly alleged in a case involving title to music records.  *See Squire Records, Inc. v. Vanguard Recording Soc. Inc.*, 19 N.Y.2d 797, 798 (1967).

be returned to Su's custody. Am. Compl. (Dkt. 89) ¶ 18. Therefore, Su likely incurred special damages in September 2014, when the auction was short-circuited, or, at the very latest, on October 16, 2014, when Yeh's allegedly fraudulent claim deprived Su of the right to possess the Vessel. Accordingly, any claim for slander of title expired by October 16, 2015. Because Su did not allege slander of title until June 3, 2019, the claim is nearly four years too late.[4] *See* Su Answer to Cross-Claim and Cross-Claim (Dkt. 105).

Su contends that the claim is timely because he continues to suffer damages, in the form of attorney's fees. Su Opp. to Mot. to Dismiss (Dkt. 135) at 5. He cites no authority or rationale for the proposition that ongoing harm continuously resets the limitations period—particularly when the damages (attorney's fees) derive from the same initial injury that Su allegedly suffered when Yeh halted the Sotheby's auction and interfered with Su's purported right to possess the Vessel. Indeed, under New York law, the "continuing wrong" exception is unavailable when a single tortious act causes "continuing consequential damages." *Henry v. Bank of Am.*, 147 A.D.3d 599, 601 (1st Dep't 2017) ("The distinction is between a single wrong that has continuing effects and a series of independent, distinct wrongs." (citation omitted)); *see also Maloul v. New Colombia Res., Inc.*, No. 15-CV-8710, 2017 WL 2992202, at *5 (S.D.N.Y. July 13, 2017) ("Thus, 'where a plaintiff asserts a single breach—with damages increasing as the breach continued—the continuing wrong theory does not apply.'" (quoting *Henry*, 147 A.D.3d at 601–02 and citing *Kahn v. Kohlberg, Kravis, Roberts & Co.*, 970 F.2d 1030, 1039 (2d Cir. 1992))). Under Su's theory, there would effectively be no statute of limitations, as a claimant

---

[4] Su alleges that his special damages, for purposes of slander of title, are the attorney's fees expended in this action. Su Answer to Cross-Claim and Cross-Claim (Dkt. 105) ¶ 63. Even accepting Su's implied argument that the aborted auction and the loss of possession did not result in "provable" damages, Su began accruing attorney's fees when he commenced this action in 2017. *See* Compl. (Dkt. 1). Su's cross-claim, commenced in 2019, would still be untimely.

can almost always allege some form of continuously accruing damages, such as ongoing emotional distress, pre-judgment interest, or attorney's fees.

In sum, Yeh's statute-of-limitations defense is clear on the face of Su's pleadings and forecloses Su's claim for slander of title.

### B. Su's Motion for Judgment on the Pleadings

"The three-year Statute of Limitations period, applicable in conversion and replevin actions, ordinarily runs from the date the conversion takes place." *Berman v. Goldsmith*, 141 A.D.2d 487, 487 (2d Dep't 1988) (citing N.Y. C.P.L.R. § 214(3)); *see also In re Rausman*, 50 A.D.3d 909, 910 (2d Dep't 2008). If the converter initially had lawful possession of the property, the action accrues when the rightful owner asserts his or her ownership rights and is rebuffed. *Solomon R. Guggenheim Found. v. Lubell*, 77 N.Y.2d 311, 317–18 (1991). A demand by the rightful owner is unnecessary if such a demand would be futile. *Hui Qun Zhao v. Yu Qi Wang*, No. 10-CV-1758, 2013 WL 269034, at *5 (E.D.N.Y. Jan. 24, 2013) (citing *Employers' Fire Ins. Co. v. Cotten,* 245 N.Y. 102, 104–06 (1927) (finding demand futile because defendant "had full information relating to her own defect in title and the identity of the true owner" and "continued to assert dominion over" property)), *aff'd*, 558 F. App'x 41 (2d Cir. 2014).

Yeh concedes that, ordinarily, the applicable statute of limitations for conversion is three years—he nonetheless argues that his claim is subject to a six-year limitations period because his conversion claim is "based on fraud."[5] *See* Yeh Br. in Opp. to Judgment on Pleadings (Dkt. 121) at 6 (quoting *Monteleone v. Monteleone*, 162 A.D.3d 761, 762 (2d Dep't 2018) and citing *Ingrami v. Rovner*, 45 A.D.3d 806, 808 (2d Dep't 2007)). Those cases do not apply because a

---

[5] Because Yeh alleges that Su acted in bad faith and never had rightful possession of the Vessel, the statute of limitations begins to run on the date of conversion, not on the date of a demand for return of the Vessel that was rebuffed.

conversion claim is "based on fraud" when the converter acquires the property through a fraudulent statement or omission on which the owner or custodian relies. *See Rovner*, 45 A.D.3d at 808 ("[T]he causes of action accrued in February 2001 when the plaintiff transferred the money in reliance upon the defendants' allegedly false representations . . . ."). In this case, Yeh has not pleaded any fraudulent statements or omissions on which he (or even Zhang) relied.[6] The only misleading statements that could even remotely be inferred from the pleadings are Su's statements to Sotheby's when consigning the Vessel and to a Chinese court in connection with the action to quiet title—none of which was made to Yeh, or enabled Su to acquire the Vessel. Indeed, Yeh's theory of conversion expressly relies on Su's complete failure to communicate with Yeh. At best, Su's fraudulent acts, if any, are "merely incidental" to the conversion claim. *See Marketxt Holdings Corp. v. Engel & Reiman, P.C.*, 693 F. Supp. 2d 387, 394–95 (S.D.N.Y. 2010).

While Yeh is not entitled to a six-year limitations period based on the allegations in the cross-complaint, Yeh's arguments that Su purposely concealed his possession of the Vessel from Yeh, such as by failing to name Yeh in the Chinese quiet-title action, refusing to participate in mediation, and declining to name Yeh in this action, thereby preventing Yeh from learning about Su's conversion, may be relevant to an equitable estoppel argument. *See Farkas v. Farkas*, 168 F.3d 638, 644 (2d Cir. 1999) ("[T]here is more than sufficient evidence to conclude that [alleged converter] 'intentionally' or 'carefully' assisted in and concealed the conversion of the artwork. We therefore vacate the district court's ruling on the availability of equitable estoppel and

---

[6] Yeh also cites to numerous documents outside the pleadings, which are not appropriate for the Court to consider in the context of a motion for judgment on the pleadings. *See Palin v. New York Times Co.*, 933 F.3d 160, 167 (2d Cir. 2019) ("Rule 12(d) provides: 'If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.'").

remand the issue for further consideration . . . ."). At this juncture, there are factual questions raised in the pleadings as to what Su knew about Yeh's rights, when Yeh discovered that Su possessed the Vessel, what motivated Su's curious approach to this dispute, and what caused Yeh's delayed entry into this case, all of which would be relevant to assessing Su's statute-of-limitations defense and any claim by Yeh to equitable estoppel. *See Markel Am. Ins. Co. v. Grimaldi*, No. 10-CV-5447, 2012 WL 1020424, at *4–5 (E.D.N.Y. Feb. 10, 2012) ("The plaintiff is said to bear the burden of establishing that the action has been brought within a reasonable time after the facts forming the basis for the estoppel no longer are operational." (citing *Golden Budha Corp. v. Canadian Land Co.*, 931 F.2d 196 (2d Cir. 1991))), *report and recommendation adopted*, No. 10-CV-5447, 2012 WL 1020409 (E.D.N.Y. Mar. 26, 2012). Because of the potential equitable estoppel argument, the Court cannot conclude that Su's affirmative defense of untimeliness clearly prevails on the face of the pleadings.

For those reasons, the Court concludes that judgment on the pleadings is inappropriate, and that timeliness is better adjudicated at summary judgment or at trial. Su's motion for judgment on the pleadings is therefore denied.

## CONCLUSION

For the reasons discussed above, Yeh's motion to dismiss is GRANTED, and Plaintiffs' motion for judgment on the pleadings is DENIED. The Clerk of Court is respectfully directed to terminate the pending motions at docket entries 108 and 114.

**SO ORDERED.**

Date: October 4, 2019  
New York, New York

**VALERIE CAPRONI**  
**United States District Judge**