USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/11/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WEI SU and HAI JUAN WANG,

Plaintiffs,

-against-

SOTHEBY'S, INC.,

Defendant.

SOTHEBY'S, INC.,

Counter-Claimant,

-against-

WEI SU, HAI JUAN WANG, and YEH YAO HWANG

Counterclaim-Defendants,

YEH YAO HWANG,

Cross-Claimant,

-against-

WEI SU and HAI JUAN WANG,

Cross-Defendants,

WEI SU and HAI JUAN WANG,

Cross-Claimants,

-against-

YEH YAO HWANG,

Cross-Defendant,

17-CV-4577 (VEC)

OPINION & ORDER

VALERIE CAPRONI, United States District Judge:

Yeh Yao Hwang ("Yeh") has moved to disqualify Xuejie Wong ("Wong") and the Law Offices of Xuejie Wong PLLC from representing Wei Su and Hai Juan Wang (Wei Su's agent) (collectively "Su"). Notice of Mot., Dkt. 185 at 1–2. For the reasons discussed below, Yeh's motion to disqualify is DENIED.

**BACKGROUND**

The Court assumes familiarity with its prior opinions entered over the course of this four-year saga and will summarize only the facts most pertinent to this motion.[1] Su and Yeh dispute ownership of a 10th to 9th Century B.C. Chinese ritual wine vessel ("Vessel") that Su consigned to Sotheby's for auction in 2014. *See* Am. Compl., Dkt. 89 ¶¶ 9, 14; Sotheby's Ans. & Countercl., Dkt. 101 at 9–11. When Yeh asserted ownership to Sotheby's, the Vessel was pulled from the auction. *See* Am. Compl. ¶ 16; Sotheby's Ans. & Countercl. ¶ 15. Su sued Sotheby's seeking return of the Vessel, and Sotheby's commenced an interpleader action. *See* Am. Compl. ¶¶ 32–60; Sotheby's Ans. & Countercl. at 9–14. After significant difficulties gaining service on Yeh, he eventually appeared in the action. *See Wei Su v. Sotheby's, Inc.*, No. 17-CV-4577, 2018 WL 4804675, at *3–5 (S.D.N.Y. Oct. 3, 2018); Notice of Appearance, Dkt. 78 at 1. Then, on May 24, 2019, Yeh filed a cross-claim against Su for conversion. *See* Yeh Ans. & Cross-cls., Dkt. 104 at 3, 7. Su moved for summary judgment on the cross-claim, contending that Yeh's conversion claim is barred by the statute of limitations. *See* Su Summ. J. Mem. of Law, Dkt. 156-2 at 2.

On September 29, 2020, the Court denied Su's motion for summary judgment finding that there are questions of fact material to whether Su is equitably estopped from asserting a

---

[1] *See Wei Su v. Sotheby's, Inc.*, 490 F. Supp. 3d 725 (S.D.N.Y. 2020); *Wei Su v. Sotheby's, Inc.*, No. 17-CV-4577, 2019 WL 4917609 (S.D.N.Y. Oct. 4, 2019).

statute of limitations defense.[2] *See Wei Su v. Sotheby's, Inc.*, 490 F. Supp. 3d 725, 728 (S.D.N.Y. 2020). A defendant can be equitably estopped from asserting a statute of limitations defense if (1) the plaintiff shows that the defendant affirmatively acted to conceal his involvement in particular wrongdoing, *see id.* at 730–31 (citing *Farkas v. Farkas*, 168 F.3d 638, 642 (2d Cir. 1999); *Markel Am. Ins. Co. v. Grimaldi*, No. 10-CV-5447, 2012 WL 1020424, at *1, *5 (E.D.N.Y. Feb. 10, 2012)); and (2) the plaintiff brought the action within a reasonable time after the facts giving rise to the estoppel ceased, *see id.* at 731 (citing *Prevost v. Hartman*, 103 A.D.2d 842, 843 (2d Dep't 1984); *Golden Budha Corp. v. Canadian Land Co.*, 931 F.2d 196, 200 (2d Cir. 1991)). The Court held that questions of material fact existed relative to both requirements. *See id.* at 731, 734. Among the alleged affirmative acts of concealment most pertinent to the motion to disqualify are Su's failure to name Yeh as a defendant when bringing this action in 2017 and the fact that Wong ignored an email from Yeh claiming co-ownership of the vessel while simultaneously reporting to the Court that Su was unable to locate Yeh for service of process.[3] *See id.* at 733.

On October 30, 2020, Yeh moved to disqualify Wong, contending that she began representing Su in 2014 and that she may have been involved in the alleged affirmative acts of concealment that occurred after 2014. *See* Mem. of Law, Dkt. 186 at 2. Given her alleged

---

2 When the statute of limitations on Yeh's conversion claim began running depends on whether Su was a bona fide purchaser of the Vessel, an issue that remains in dispute. *See Su*, 490 F. Supp. 3d at 729 & n.3. Regardless of when the statute of limitations began to run, however, Yeh filed his conversion action after it expired. *See id.* at 729–30.

3 Other alleged acts of concealment include: (1) stripping the Vessel of its identifying origins by transporting it between Hong Kong and Shanghai to create false customs declarations forms; (2) submitting a suspect statement to Sotheby's allegedly signed by Zhang as proof of Su's ownership of the Vessel; (3) collaborating with Chongyuan Art Auction Company to further an elaborate concealment scheme; (4) forbidding Sotheby's from sharing Su's identity with Yeh; and (5) failing to include Yeh in, or to inform Sotheby's of, a 2015 quiet title action brought against Zhang in the Henan Luoyang Intermediate People's Court in China. *See Su*, 490 F. Supp. 3d at 731–34.

involvement, Yeh argues that Wong is a necessary and material witness to his equitable estoppel defense. *See id.*; Notice of Mot. at 1–2. Su opposes the motion. Resp., Dkt. 190.

**LEGAL STANDARD**

When considering a motion to disqualify counsel, the Court's power stems from its supervisory authority to preserve the integrity of the adversary process. "[T]he only truly binding authority on disqualification issues is [Second] Circuit precedent," but the New York State Rules of Professional Conduct are "highly persuasive authority." *Skidmore v. Warburg Dillon Read LLC*, No. 99-CV-10525, 2001 WL 504876, at *2 (S.D.N.Y. May 11, 2001), *abrogated on other grounds by Satina v. N.Y.C. Hum. Res. Admin.*, No. 14-CV-3152, 2015 WL 6681203 (S.D.N.Y. Nov. 2, 2015).[4]

Yeh argues that Wong should be disqualified pursuant to New York Rule of Professional Conduct 3.7. Mem. of Law at 6. That rule provides:

> (a) A lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact [unless one of five exceptions applies].
>
> (b) A lawyer may not act as advocate before a tribunal in a matter if:
>
> (1) another lawyer in the lawyer's firm is likely to be called as a witness on a significant issue other than on behalf of the client, and it is apparent that the testimony may be prejudicial to the client; or
>
> (2) the lawyer is precluded from doing so [due to conflict with a current or former client].

N.Y. R. Prof'l Conduct 3.7(a)–(b).

4 The New York State Rules of Professional Conduct are binding on counsel appearing before this Court. *See Finkel v. Frattarelli Bros., Inc.*, 740 F. Supp. 2d 368, 372 n.1 (E.D.N.Y. 2010) ("Local Rules of the U.S. District Courts for the Southern and Eastern Districts of New York bind[] attorneys appearing before those courts to the New York State Rules of Professional Conduct.").

Rule 3.7(a) is designed to alleviate the risks associated with an attorney as a witness. *Murray v. Metro. Life Ins. Co.*, 583 F.3d 173, 178 (2d Cir. 2009). Such risks include that the attorney may be forced to "vouch for his own credibility," "place opposing counsel in a difficult position when she has to cross-examine," "distort[] the truth as a result of bias in favor of his client," and blur "the line between argument and evidence," which may confuse a jury. *Id.* (citations omitted). In imputation cases under Rule 3.7(b), however, these concerns are "absent or, at least, greatly reduced." *Id.* (quoting *Ramey v. Dist. 141, Intern. Ass'n of Machinists & Aerospace Workers,* 378 F.3d 269, 283 (2d Cir. 2004)). A jury "is not likely to be misled when a lawyer acts as advocate in a trial in which another lawyer in the lawyer's firm will testify," so disqualification under Rule 3.7(b) should occur "only when the concerns motivating the rule are at their most acute." *Id.*

## DISCUSSION

### I. The Motion to Disqualify Wong Based on Rule 3.7(a) Is Denied Because She Will Not Be Trial Counsel

Rule 3.7(a) does not apply to Wong because she will not be trial counsel in this case. For Rule 3.7(a) to apply, an attorney must "properly [be] considered trial counsel." *Murray*, 583 F.3d at 179 (holding that attorney who "will not act as an advocate before the jury" despite being a "member of the trial team" is not trial counsel for the purposes of 3.7(a)); *see also Arenson Off. Furnishings, Inc. v. Kopelman*, No. 20-CV-10497, 2021 WL 1758806, at *3 (S.D.N.Y. May 4, 2021) ("Because Fanburg is not serving as trial counsel and will not advocate before the jury, Rule 3.7(a) does not apply, let alone provide a basis for disqualification.").

Wong has stated under oath that Leo Clarke "will be trial counsel and will examine all witnesses and argue to the court." Wong Decl., Dkt. 191 ¶ 21; *see also* Resp. at 1 ("Counsel Wong will not be trial counsel . . . ."). Instead of serving as trial counsel, Wong will limit her

role to "communicating with [her] clients and with Mr. Clarke." Wong Decl. ¶ 21. Wong's statement that she will not be trial counsel is a sufficient basis for the Court to conclude that Wong will not be trial counsel. *See BT Holdings, LLC v. Vill. of Chester*, No. 15-CV-1986, 2015 WL 8968360, at *6 (S.D.N.Y. Dec. 14, 2015) (relying on an attorney's declaration that another attorney "will not be advocating at trial" to conclude that he will not be trial counsel).

In short, because Rule 3.7(a) can disqualify only trial counsel, and Wong is not going to be trial counsel, she is not disqualified under Rule 3.7(a).[5]

## II. The Motion to Disqualify Clarke Based on Rule 3.7(b) is Denied

Yeh invoked Rule 3.7(b) for the first time in his reply brief.[6] While that alone would be reason enough to deny the motion, *Anghel v. Sebelius*, 912 F. Supp. 2d 4, 14 (E.D.N.Y. 2012) ("It is well settled in the Second Circuit that a party may not raise an argument for the first time in his reply brief.") (internal citation omitted) (collecting cases), even if the argument had been timely raised, Yeh has not made any of the required factual showings that would be required to disqualify Clarke pursuant to Rule 3.7(b).

Because there is no indication that Clarke will be called as a witness in this case, he can

---

5 The parties agree that this case will be heard as a bench trial. *See* Resp., Dkt. 190 at 2 ("There will not be a jury . . . ."); Mo Decl., Dkt. 195 ¶ 28 (arguing about the applicability of the rule "at the bench trial"); Order, Dkt. 179 at 2 ("[T]he parties confirmed that this case is not to be tried to a jury."). It is not clear whether Rule 3.7(a) applies at all to bench trials. *Compare BT Holdings, LLC v. Vill. of Chester*, No. 15-CV-1986, 2015 WL 8968360, at *6 (S.D.N.Y. Dec. 14, 2015) ("An attorney may be disqualified under Rule 3.7(a) only if that attorney actually advocates in front of a jury."), *and Murray v. Metro. Life Ins. Co.*, 583 F.3d 173, 179 (2d Cir. 2009) (holding that "a member of the trial team" who "will not act as an advocate before the jury . . . is [not] properly considered trial counsel for purposes of Rule 3.7(a)"), *with Rizzuto v. De Blasio*, No. 17-CV-7381, 2019 WL 1433067, at *9 & n.7 (E.D.N.Y. Mar. 29, 2019) (stating that a bench trial "would not remedy the advocate-witness issue" when attorney's representation would still be compromised "by his involvement in the underlying facts of the case").

This Court does not have to resolve the question whether Rule 3.7(a) applies to bench trials in light of Wong's statement that she will not be trial counsel. Because there is no jury to be confused during a bench trial, much of the rationale for Rule 3.7(a) is dissipated during a bench trial. *See Murray*, 583 F.3d at 179. Even during a bench trial, however, there can be good reasons to separate the roles of advocate and witness.

6 *See* Mem. of Law, Dkt. 186 at 5, 7 (arguing only that 3.7(a) applies); Reply, Dkt. 193 at 4 (discussing 3.7(b) for the first time).

only be disqualified if he is a member of Wong's firm and Wong's firm is disqualified under Rule 3.7(b). The first requirement is that Clarke must be a member of Wong's firm.[7] *See* N.Y. R. Prof'l Conduct 3.7(b) ("A lawyer may not act as advocate before a tribunal in a matter if . . . another lawyer *in the lawyer's firm* is likely to be called as a witness . . . .) (emphasis added).

The parties dispute Clarke's relationship to Wong's firm. *Compare* Resp. at 3 ("Clarke is not an employee of Wong's firm . . . .") *with* Reply, Dkt. 193 at 9 ("Clarke, as *of counsel* to Wong, must also be disqualified . . . ."). But even if Clarke were of counsel to Wong's firm, that may not be enough on its own to conclude that Clarke is a member of Wong's firm for the purposes of Rule 3.7(b). Determining whether the relationship between an attorney and a law firm is sufficient for Rule 3.7(b) disqualification requires "examin[ing] the substance of the relationship under review and the procedures in place." *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 135 (2d Cir. 2005). "[A]n attenuated relationship between a lawyer and a law firm will be insufficient to make the attorney a member of that firm for the purposes of an attorney disqualification motion, regardless of the attorney's 'of counsel' label." *Regal Mktg Inc. v. Sonny & Son Produce Corp.*, No. 01-CV-1911, 2002 WL 1788026, at *6 (S.D.N.Y. Aug. 1, 2002) (citation omitted).

Yeh's only support for his claim that Clarke is a member of the Wong firm is Clarke's Notice of Appearance, which lists his address as that of the Wong firm. *See* Reply at 9 (citing Notice of Appearance, Dkts. 127, 137). The Notice of Appearance is insufficient to prove that Clarke is "of counsel" to Wong's firm, let alone that his relationship is close enough for the imputation of conflict. *See Hempstead Video*, 409 F.3d at 136 (finding attorney's relationship

---

[7] Additionally, as with Rule 3.7(a) discussed *supra* note 5, Rule 3.7(b) may not apply at all to a bench trial. The absence of a jury from this case supports the "attenuat[ion]" of the concerns motivating Rule 3.7 and further supports the conclusion that Wong's firm should not be disqualified under Rule 3.7(b). *Murray*, 583 F.3d at 179.

with firm "was too attenuated and too remote" to include firm's conflicts when attorney became of counsel "for the limited purpose of providing transitional services for several selected clients"); *Regal Mktg.*, 2002 WL 1788026, at *6 (finding attorney's relationship with firm too attenuated to impute conflict when he leased space on the same floor in the same building as the firm but "handles only a few cases for [the firm] over the course of a year"). Because Yeh has not demonstrated that Clarke is a member of Wong's firm, his motion to disqualify Clarke pursuant to Rule 3.7(b) must be denied on that basis alone.

But even if Yeh had shown that Clarke is a member of Wong's firm, Rule 3.7(b) would not apply because Yeh has not demonstrated that Wong's testimony will be prejudicial to Su. "A law firm can be disqualified by imputation only if the movant proves by clear and convincing evidence that the witness will provide testimony prejudicial to the client, and the integrity of the judicial system will suffer as a result." *Murray*, 583 F.3d at 178–79 (cleaned up). The concerns motivating Rule 3.7 are attenuated when the witness-advocate subject to the disqualification motion — here Wong — is not someone who will be trying the case to a jury. *Id.* at 179. "Therefore, plaintiffs seeking disqualification under Rule 3.7(b) must make a considerably higher showing of prejudice than would be required under Rule 3.7(a)." *Id.* (quoted by *Finkel v. Frattarelli Bros., Inc.*, 740 F. Supp. 2d 368, 378 (E.D.N.Y. 2010)). In particular, to prove that trial testimony will be prejudicial to the client, the movant must show that the testimony will be so adverse to the client's account of the facts that the client has a clear interest in having his trial counsel discredit the testimony of the witness who is also a member of trial counsel's firm. *Id.* at 178. To allow courts to make that assessment, movants must provide specific evidence of the expected testimony, which often comes from depositions of the expected witness. *See Murray*,

583 F.3d at 179; *Lamborn v. Dittmer*, 873 F.2d 522, 531–32 (2d Cir. 1989); *Finkel*, 740 F. Supp. 2d at 377.

Yeh did not provide evidence that Wong's testimony will be prejudicial to Su. In his opening brief, Yeh contends that Wong has worked for Su since 2014 and so she must have played a role in the alleged affirmative acts of concealment that occurred after that date. Mem. of Law at 2. Yeh offers no evidence to support that contention, and it does not appear that he deposed Wong before filing this motion.[8] *See Shabbir v. Pak. Int'l Airlines*, 443 F. Supp. 2d 299, 308 (E.D.N.Y. 2005) (citing *Paramount Commc'ns, Inc. v. Donaghy*, 858 F. Supp. 391, 398 (S.D.N.Y. 1994)) ("The more speculative the potential prejudice, the less likely a court will be to grant a motion to disqualify.").

Su and Wong, on the other hand, contend that Wong became involved in this case only when Su hired her in 2017. Su Decl., Dkt. 192 ¶¶ 3–6; Wong Decl. ¶¶ 2–3. Su explained that he retained other law firms from 2014 to 2016, Su Decl. ¶¶ 3–4, and provided a copy of one such retainer agreement, Retainer Agreement, Dkt. 192-1. Yeh failed to rebut their assertions that Wong's involvement began in 2017. Reply at 1–4 (addressing only Wong's alleged involvement from 2017 onwards). Without the benefit of any rebuttal evidence from Yeh, the Court concludes that Wong's expected testimony would cover alleged affirmative acts of concealment that occurred only after 2017, namely Su's failure to name Yeh in this lawsuit and Wong's failure to respond to Yeh's November 13, 2018 email.

Yeh has not shown that Wong's expected testimony on those two topics will be prejudicial to Su. *See Finkel*, 740 F. Supp. 2d at 377 (finding counsel's testimony not to be

---

[8] Although the Court recognizes that fact discovery closed long before Yeh made this motion, Yeh could have but did not request leave of Court to depose Wong in advance of filing this motion when it became evident that some pertinent facts are uniquely known to her.

prejudicial because "there is no reason to believe that counsel's testimony would be inconsistent with their clients' account of the facts"). Wong has indicated that her testimony will be in accordance with Su's recollection of the relevant facts. With respect to the filing of this lawsuit, Su asserts that he did not name Yeh because he did not know that Yeh had made any claim to the Vessel and saw no reason to include a distantly-located party who had not made a claim of ownership between 2014 and 2017. Su Summ. J. Decl., Dkt. 156-3 at ¶ 13–14. Yeh has provided no evidence from which the Court could plausibly infer that Wong would be likely to contradict Su's explanation. With respect to Yeh's November 13, 2018 email, Su has no first-hand knowledge, but he does not appear to dispute Wong's assertion that she did not answer the email or report the communication to the Court because she failed to see it in her inbox. *Compare* Wong Decl. ¶ 6 *with* Resp. at 1 n.2. Accordingly, because Yeh has not shown that Wong's testimony will contradict Su's account of the facts, Yeh has not shown that Wong's testimony will be prejudicial to Su.

In addition to the facts that Wong has represented that she will not be trial counsel and that Yeh has not shown that Clarke is a member of Wong's firm, when evaluating possible prejudice to the client, the client's views on whether the attorney should be disqualified are significant. *See Murray*, 583 F.3d at 180 ("[A client]'s desire to keep [the law firm] as its trial counsel, plainly evidenced by [client]'s position in this appeal, militates strongly against a finding of prejudice."). In this case, Su has made clear that he does not want Wong to be disqualified. *See* Su Decl. ¶ 12 ("I object to Ms. Wong's Disqualification."); Resp. at 10 ("[D]isqualification would 'work substantial hardship' on Su and Wang."). The Court must respect Su's desire to continue being represented by Wong; Rule 3.7(b) is applied sparingly

because it interferes with parties' "well-recognized and entirely reasonable interest in securing counsel of their choice." *Murray*, 583 F.3d at 180.

In short, Yeh has not provided clear and convincing evidence that Wong's testimony would be prejudicial to Su, so there is no reason to disqualify Clarke (even assuming he is a member of Wong's firm), or any attorney from Wong's firm, pursuant to Rule 3.7(b).

## CONCLUSION

For the reasons discussed above, Yeh's motion to disqualify Su's counsel is DENIED.

By no later than **Friday, September 3, 2021**, the parties must file a joint letter updating the Court on the location and vaccination status of all counsel and trial witnesses. They must also meet and confer and propose three mutually convenient dates for trial in this matter. All of the dates must be earlier than March 31, 2022. The Court will use that information to set the pretrial and trial schedule.

The Clerk of Court is respectfully directed to terminate the open motion at docket entry 185.

**SO ORDERED.**

**Date: August 11, 2021**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**