USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 01/04/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X
WEI SU and HAI JUAN WANG,                               :
                                                        :
                    Plaintiffs,                         :
                                                        :
         -against-                                      :
                                                        :
SOTHEBY'S, INC.,                                        :
                                                        :
                    Defendant.                          :
------------------------------------------------------------------------ :
SOTHEBY'S, INC.,                                        :
                                                        :
                    Counter-Claimant,                   :
                                                        :
         -against-                                      :
                                                        :
WEI SU, HAI JUAN WANG, and YEH YAO HWANG                :
                                                        :
                    Counterclaim-Defendants,            :      17-CV-4577 (VEC)
                                                        :
------------------------------------------------------------------------ :         ORDER
YEH YAO HWANG,                                          :
                                                        :
                    Cross-Claimant,                     :
                                                        :
         -against-                                      :
                                                        :
WEI SU and HAI JUAN WANG,                               :
                                                        :
                    Cross-Defendants,                   :
------------------------------------------------------------------------ :
WEI SU and HAI JUAN WANG,                               :
                                                        :
                    Cross-Claimants,                    :
                                                        :
         -against-                                      :
                                                        :
YEH YAO HWANG,                                          :
                                                        :
                    Cross-Defendant,                    :
------------------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

WHEREAS on September 29, 2020, the Court denied Su and Wang's motion for summary judgment, *see Wei Su v. Sotheby's, Inc.*, 490 F. Supp. 3d 725, 728 (S.D.N.Y. 2020);

WHEREAS the parties disagree about the "order of proof" at trial, Dkt. 182;

WHEREAS Su and Wang propose filing two motions *in limine* and have adequately explained the legal basis for each such that further motion practice is unnecessary in advance of a bench trial, Dkt. 183;

WHEREAS Yeh opposes both motions, Dkt. 184; and

WHEREAS this matter is otherwise bench trial ready.

IT IS HEREBY ORDERED that Yeh will present his case at trial first. The only live claims to be tried are Yeh's cross-claim of conversion and his request for a declaratory judgment that he is the co-owner of the property at issue. *See* Answer, Dkt. 104 at 7–8. At trial, Yeh will have the burden of proving (1) that his conversion claim is timely and (2) the elements of his conversion claim. Accordingly, Yeh will first present his case-in-chief, then Su and Wang will present their defense, followed by Yeh's rebuttal case.

IT IS FURTHER ORDERED that Su and Wang's first motion *in limine* to exclude estoppel evidence "before the commission of the alleged conversion or more than three years thereafter," *see* Motion, Dkt. 183 at 2, is GRANTED in part and DENIED in part. As the Court found in denying Su and Wang's motion for summary judgment, the date on which Yeh's cause of action accrued remains in dispute. If Su was a bona fide purchaser of the vessel, then the conversion claim accrued in 2007; if Su was not a bona fide purchaser, then the conversion claim accrued in 2014. *See Wei Su*, 490 F. Supp. 3d at 729–30.[1] Regardless of when the claim

---

[1] Given Yeh's arguments to date, the Court anticipates that Yeh will argue that Su was not a bona fide purchaser and accordingly, his conversion claim accrued in 2007.

accrued, Yeh filed his cross-claim in May 2019, more than three years after both 2007 and 2014. Accordingly, for Yeh's conversion claim to have been timely, Yeh must prove that the statute of limitations was tolled for some or all of the period between the date his claim accrued and the date he filed his cross-claim. Accordingly, any estoppel evidence relating to the period between the accrual of his claim and the filing of his cross-claim is relevant pursuant to Rule 403 of the Federal Rules of Evidence and Su and Wang's motion to exclude such evidence is DENIED.

But the Court agrees with Su and Wang that any evidence preceding or concurrent with the alleged conversion itself is not relevant to Yeh's estoppel claims. *See Ross v. Louise Wise Servs., Inc.*, 8 N.Y.3d 478, 491 (2007) ("For the doctrine [of equitable estoppel] to apply, a plaintiff may not rely on the same act that forms the basis for the claim — the later fraudulent misrepresentation must be for the purpose of concealing the former tort." (internal citation omitted)). Accordingly, Su and Wang's motion to exclude evidence preceding or concurrent with the alleged conversion is GRANTED as to Yeh's estoppel claims. Of course, to the extent relevant and admissible, Yeh may introduce such evidence with respect to the conversion claim itself.

IT IS FURTHER ORDERED that Su and Wang's second motion *in limine* to exclude evidence of concealment to support Yeh's estoppel claim is DENIED. Su and Wang repeat the same arguments that were rejected by the Court in its opinion denying their motion to summary judgment. As discussed in detail in that opinion, "a defendant may be equitably estopped from asserting a statute of limitations defense when he is engaged in a concealment scheme to hide his involvement or identity in particular wrongdoing." *Wei Su*, 490 F. Supp. 3d at 730 (discussing pertinent caselaw). Accordingly, evidence of that concealment is relevant pursuant to Rule 403, and Su and Wang's motion is denied.

IT IS FURTHER ORDERED that a bench trial in this matter will commence on **Monday, May 9, 2022 at 10:00 A.M.**  The final pretrial conference is scheduled for **Thursday, April 28, 2022 at 2:00 P.M.**  The trial and final pretrial conference will be held in Courtroom 443 of the Thurgood Marshall United States Courthouse, located at 40 Foley Square, New York, New York 10007.

IT IS FURTHER ORDERED that a proposed Joint Pretrial Order ("JPTO") and each party's Proposed Findings of Fact and Conclusions of Law are due no later than **Friday, March 4, 2022**.  The Court reminds the parties that the proposed JPTO must comply with Rule 8 of the Undersigned's Individual Practices in Civil Cases.  In addition to complying with that Rule, the parties must address the following topics:

1. Whether either party wishes to present testimony from a witness who would testify remotely and, if so, which witness;
2. If either party proposes to have one or more witnesses testify remotely, what electronic platform would be used and how would the parties propose to handle exhibits for such witnesses, if the Court agrees to permit remote testimony;
3. Which witnesses (whether proposed to testify live or remotely) require interpreters and whether the parties have agreed on interpreter(s) for the trial; and
4. Whether any of the trial participants (counsel, witnesses, or client representatives) remain unvaccinated against COVID-19.[2]

---

[2]   The Court highly encourages any unvaccinated persons to get vaccinated.  Not only is the vaccine safe, effective, and free, it will also make the trial go more smoothly given that the Court must follow more stringent social distancing protocols for unvaccinated persons than for vaccinated persons.

**SO ORDERED.**

**Date: January 4, 2022**
       **New York, New York**

                                          **VALERIE CAPRONI**
                                       **United States District Judge**