USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/21/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X

WEI SU and HAI JUAN WANG,                                        :
                                                                 :
                               Plaintiffs,                       :
                                                                 :
               -against-                                         :
                                                                 :
SOTHEBY'S, INC.,                                                 :
                                                                 :
                               Defendant.                        :
------------------------------------------------------------------------ :
SOTHEBY'S, INC.,                                                 :
                                                                 :
                               Counter-Claimant,                 :
                                                                 :
               -against-                                         :
                                                                 :
WEI SU, HAI JUAN WANG, and YEH YAO HWANG                         :
                                                                 :
                               Counterclaim-Defendants,          :        17-CV-4577 (VEC)
                                                                 :
------------------------------------------------------------------------ :        ORDER
YEH YAO HWANG,                                                   :
                                                                 :
                               Cross-Claimant,                   :
                                                                 :
               -against-                                         :
                                                                 :
WEI SU and HAI JUAN WANG,                                        :
                                                                 :
                               Cross-Defendants,                 :
------------------------------------------------------------------------ :
WEI SU and HAI JUAN WANG,                                        :
                                                                 :
                               Cross-Claimants,                  :
                                                                 :
               -against-                                         :
                                                                 :
YEH YAO HWANG,                                                   :
                                                                 :
                               Cross-Defendant,                  :
------------------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

WHEREAS the final pretrial conference is currently scheduled for May 18, 2022 at 2:00 P.M., Dkt. 201;

WHEREAS the bench trial is scheduled to commence on May 31, 2022 at 10:00 A.M., *id.*;

WHEREAS on March 18, 2022, the parties filed their Joint Pretrial Order ("JPTO"), Dkt. 209;

WHEREAS on March 18, 2022, Su and Wang filed proposed findings of fact and conclusions of law, Dkt. 209;

WHEREAS on March 21, 2022, Yeh objected to Su and Wang's proposed findings of fact and conclusions of law and requested that they be struck from the record, Dkt. 210; and

WHEREAS on April 6, 2022, and April 7, 2022, the parties supplemented their JPTO with additional information, Dkts. 211, 212.

IT IS HEREBY ORDERED that due to a conflict in the Court's calendar, the final pretrial conference, currently scheduled for May 18, 2022 at 2:00 P.M., is rescheduled to **Thursday, May 5, 2022 at 10:30 A.M.** If that date and time is not convenient for both parties, by no later than **Wednesday, April 27, 2022**, the parties must propose three mutually convenient dates during the week of May 2, 2022. The final pretrial conference and trial will be held in Courtroom 443 of the Thurgood Marshall United States Courthouse, located at 40 Foley Square, New York, New York 10007.

IT IS FURTHER ORDERED that the parties must be prepared at the final pretrial conference to discuss their objections to the opposing party's exhibits and their answers to their

opponent's objections to any proposed exhibit, as the Court expects to rule on the admissibility of the exhibits at the conference.

IT IS FURTHER ORDERED that the issues to be tried at the bench trial will not include (1) any request for costs, fees, or interest for the prevailing party; and (2) whether either party should be responsible for any portion of Sotheby's costs and fees. *See* JPTO, Dkt. 209 at 3–4. If needed, the Court will order the parties to file additional briefing on those issues once the bench trial has concluded.

IT IS FURTHER ORDERED that Yeh's deadline to file proposed findings of fact and conclusions of law is extended *nunc pro tunc* to **Monday, May 2, 2022**. It appears that Yeh's counsel misunderstood Rule 8 of the Undersigned's Individual Practices in Civil Cases. Pursuant to Rule 8(A)(vii), parties must include "[a]ny stipulations or statements of fact or law to which all parties agree." The parties included such statements in their JPTO. *See* JPTO, Dkt. 209 at 4–7. But pursuant to Rule 8(C), "[e]ach party shall file on ECF and serve with the joint pretrial order: . . . proposed findings of fact and conclusions of law." Additional detail about the Court's requirements is found in that Rule. The Court's intention under Rule 8(C) is for each party to lay out what it believes the Court should enter as findings of fact and conclusions of law based on the evidence as it exists prior to the commencement of the bench trial. Despite Yeh's contentions to the contrary, *see* Letter, Dkt. 210, there is no requirement that a party's proposed findings of fact and conclusions of law be previously disclosed to opposing counsel or incorporated into the JPTO. *See also* Order, Dkt. 199 (requiring the parties to submit both proposed findings of fact and conclusions of law as well as a JPTO). Accordingly, Yeh's request (Dkt. 210) that the Court strike Su and Wang's proposed findings of fact and conclusions of law is denied.

IT IS FURTHER ORDERED that in fairness to the parties, Su and Wang are welcome to file revised proposed findings of fact and conclusions of law by no later than **Monday, May 2, 2022**. Were Su and Wang to revise their filing, the Court encourages counsel to "include citations to the proffered evidence." *See* Rule 8(C)(ii) of the Undersigned's Individual Practices in Civil Cases.

IT IS FURTHER ORDERED that by no later than **Wednesday, April 27, 2022**, Yeh must refile his exhibits on ECF and provide a new physical copy of the exhibits to Chambers. The corrected exhibits must use the same numbering as the list of exhibits in the joint pretrial order and in the submitted exhibit list. Several of the exhibits appear out of order. For example, in the JPTO and the exhibit list, P-54 is listed as "9/3/2014 Tao Wang (Sotheby's) email with Wang Hai Juan." *See* JPTO, Dkt. 209 at 14. But in the electronic and physical versions of the exhibits, P-54 is the full transcript of the deposition of Hai Juan Wang. *See* Dep. Tr., Dkt. 209-54. Additionally, by no later than **Wednesday, April 27, 2022**, Yeh must email a copy of his exhibit list to Chambers, as the Court only has a hard copy of the list that was provided to Chambers with the physical copies of the exhibits.

IT IS FURTHER ORDERED that by no later than **Wednesday, April 27, 2022**, Su and Wang must email Chambers an electronic copy of their one exhibit.

IT IS FURTHER ORDERED that by no later than **Wednesday April 27, 2022**, the parties must file a joint letter with additional information about Hai Juan Wang's anticipated testimony. The parties must explain why Ms. Wang is unable to testify in person. Additionally, the parties must state whether they prefer for her to testify remotely or by deposition designation. If the parties prefer that Ms. Wang testify remotely, the parties must provide additional information about interpretation. The Court understands that the parties have arranged for

Patrick Feng to interpret for the witnesses that require interpretation at the trial.  *See* Letters, Dkt. 211, 212.  Assuming Mr. Feng will be present in the Courtroom and given the Court's preference for simultaneous translation, the parties must provide details about the mechanics of how Mr. Feng will translate for Ms. Wang while ensuring minimal disruption to the proceedings.  The Court reminds the parties that they are responsible for arranging and paying for any equipment Mr. Feng may need to facilitate his interpretation at the trial.

IT IS FURTHER ORDERED that if the parties would like to bring electronic devices to the final pretrial conference or to the bench trial, they must follow the procedures in Rule 9 of the Undersigned's Individual Practices in Civil Cases.


**SO ORDERED.**

**Date:  April 21, 2022**
**      New York, New York**

**VALERIE CAPRONI**
**United States District Judge**