USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 05/2/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X

WEI SU and HAI JUAN WANG,

                      Plaintiffs,

            -against-

SOTHEBY'S, INC.,

                      Defendant.

------------------------------------------------------------------------

SOTHEBY'S, INC.,

                      Counter-Claimant,

            -against-

WEI SU, HAI JUAN WANG, and YEH YAO HWANG

                      Counterclaim-Defendants,

17-CV-4577 (VEC)

------------------------------------------------------------------------

**ORDER**

YEH YAO HWANG,

                      Cross-Claimant,

            -against-

WEI SU and HAI JUAN WANG,

                      Cross-Defendants,

------------------------------------------------------------------------

WEI SU and HAI JUAN WANG,

                      Cross-Claimants,

            -against-

YEH YAO HWANG,

                      Cross-Defendant,

------------------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

WHEREAS Yeh requested that Hai Juan Wang testify in person, Dkt. 214 at 2;

WHEREAS Su and Wang informed the Court of the substantial hardships Wang would face were she to be required to travel to New York from China to testify, Dkt. 215 at 1–2; and

WHEREAS Yeh has indicated that between remote testimony or testimony by deposition designation, Yeh prefers that Wang testify remotely, Dkt. 214 at 2.

IT IS HEREBY ORDERED that Yeh's request that the Court order Wang to testify in person is DENIED.  The Court prefers for Wang to testify remotely.  If the parties can demonstrate at the Final Pretrial Conference that they have properly arranged the logistics of Wang's remote testimony, the Court will preliminarily approve that form of testimony.  If the parties are unable to demonstrate that they have made adequate arrangements for her to testify remotely, the Court will require that Wang testify via deposition designations.

IT IS FURTHER ORDERED that any remote testimony from Wang must occur via a Zoom.gov account.  The parties must hire a third-party vendor with access to the Zoom.gov account to host the remote testimony.[1]  **Before** the Final Pretrial Conference, the parties must test the system with the third-party vendor, Wang, counsel, and the translator to ensure that Wang can access the platform from China, that **simultaneous** (as opposed to consecutive) translation is feasible, and that the remote testimony is otherwise adequately arranged.  The Court will expect a detailed report at the Final Pretrial Conference.  If the Court preliminarily approves the remote testimony at the Final Pretrial Conference, the parties will be directed to schedule a test run in the courtroom in advance of the trial.

---

[1] The Court is aware of two such vendors: Impact Trial (https://impacttrial.com/) and Doar (https://www.doar.com/).

**SO ORDERED.**

_____
**Date: May 2, 2022**                                                                    **VALERIE CAPRONI**
**New York, New York**                                                              **United States District Judge**